SHERIDAN (HOLMES v.). See Case No. 6,-644.

SHERIDAN (WHALEN v.). See Case No. 17,476.

SHERIFF (DALY v.). See Case No. 3,553.

SHERIFF OF CHARLESTON (UNITED STATES v.). See Case No. 16,276.

SHERLOCK (UNITED STATES v.). See Case No. 16.277.

SHERMAN (BENNETT v.). See Case No. 1,-324.

---

## Case No. 12,762.

### SHERMAN v. BINGHAM et al.

[3 Cliff. 552;[1] 7 N. B. R. 490.]

Circuit Court, D. Massachusetts. Oct. Term, 1872.[2]

BANKRUPTCY — JURISDICTION OF COURTS UNDER ACT—DISTRICTS.

1. Under the act of March 2, 1867 [14 Stat. 517], an assignee in bankruptcy of a person declared a bankrupt in one district, may maintain an action to recover moneys paid the defendants residents of another district, in violation of the bankrupt act, in the district court of such district, and such district court in the district where such defendants reside, has jurisdiction of the subject-matter and the parties.

[Cited in Tifft v. Iron Clad Manuf'g Co., Case No. 14.035.]

[Cited in brief in Cook v. Whipple, 55 N. Y. 156. Cited in Markson v. Haney, 47 Ind. 34.]

2. The whole tenor of the present bankrupt act shows that congress intended to provide for the complete administration of the bankrupt system in the federal courts and through the instrumentality of federal officers.

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

[2] [Reversing Case No. 12,733.]

By section 1 of the bankrupt act, the several district courts of the United States are constituted courts of bankruptcy, and the provision is, that they shall have original jurisdiction in their respective districts in all matters and proceedings in bankruptcy, and that they might hear and adjudicate upon the same, according to the provisions of the bankrupt act. On the 21st of March, 1871, the plaintiff [Sumner U. Sherman], as assignee in bankruptcy of the estate of the bankrupts named in the record, brought an action of assumpsit against the defendants [Osmer A. Bingham and others] to recover back certain moneys, which he alleges were paid to them by the bankrupts, in violation of the bankrupt act. Both the bankrupts were resident in the county of Providence, and state of Rhode Island, and were doing business in that county under the name and style of Reynolds & Bartlett, and the record showed that the petition in bankruptcy was filed in the district court for that district, and that all the proceedings took place in the court where the petition was filed. Service was made, and the defendants appeared and pleaded as follows: "That the proceedings wherein the plaintiff alleges that he became, and is assignee, as aforesaid, were all instituted in the district court of the United States for the district of Rhode Island, and not in this district, and that the district court here hath no jurisdiction over the subject-matter, or the parties to the suit." The parties were heard, and the court entered judgment for the defendants [Case No. 12,-733], and thereupon the plaintiff sued out a writ of error and removed the cause into this court.

E. P. Brown, for plaintiff in error.

C. T. & T. H. Russel and H. W. Suter, for defendants in error.

CLIFFORD, Circuit Justice. Two propositions are submitted by the defendants in support of the theory assumed in the court below that the district courts have no jurisdiction in such a case.

That no jurisdiction is conferred in such a case, by section 9 of the judiciary act [1 Stat. 76], or by any other act of congress than the bankrupt act giving jurisdiction to the district courts in common law suits between party and party, which may well be admitted, as nothing of the kind is pretended by the plaintiff.

That the bankrupt act does not confer jurisdiction in such a case, in a district other than that where the proceedings in bankruptcy are pending, which is the question presented by the plea to the jurisdiction of the district court.

District courts have original jurisdiction in their respective districts in all matters and proceedings in bankruptcy, and the argument is, that inasmuch as the jurisdiction must be exercised in the district for which the district judge is appointed, the district court, sitting as a court of bankruptcy, can-

not exercise jurisdiction in any case except in the district where the bankruptcy proceedings are pending; but section 1 of the bankrupt act contains no such limitation, nor does it contain any words which, properly considered, justify any such conclusion.

General superintendence and jurisdiction of all cases and questions under the act are conferred upon the several circuit courts, except where special provision is otherwise made by the first clause of section 2 of the act; but the subsequent language of the same clause makes it clear that the jurisdiction conferred by that clause can only be exercised within, and for the district "where the proceedings in bankruptcy shall be pending." No such limitation, however, is found in the clause of section 1 conferring jurisdiction upon the district courts as courts of bankruptcy. Judges of the district courts must sit undoubtedly in the districts for which they are respectively appointed, and no doubt is entertained that the process of the court in proceedings in bankruptcy cases, is restricted to the territorial limits of the district; but the language of section 1 of the bankrupt act describing the jurisdiction of the district courts, sitting as courts of bankruptcy, is, that they shall have original jurisdiction in their respective districts "in all matters and proceedings in bankruptcy," showing unquestionably that they can only sit, and exercise jurisdiction in their own districts; but the limitation that the proceedings in bankruptcy must in all cases be pending in that district, is not found in that clause of section 1 of the act. On the contrary, the same section provides that the jurisdiction conferred, that is, the jurisdiction of the several district courts, shall extend to all cases and controversies arising between the bankrupt and any creditor, or creditors, who shall claim any debt or demand under the bankruptcy act, and also to the collection of all the assets of the bankrupt, to the ascertainment and liquidation of the liens, and other specific claims thereon, to the adjustment of the various priorities and conflicting interests of all parties, and to the marshalling and disposition of all the different funds and assets, so as to secure the rights of all parties, and the due distribution of the assets among all the creditors, and to all acts, matters, and things to be done under, and in virtue of the bankruptcy.

Unless the assignee can collect what is due to the bankrupt he can never perform the duty assigned to him as the representative of the bankrupt, and section 1 of the act expressly provides that the jurisdiction of the district courts shall extend to the collection of all the assets of the bankrupt, and to all acts, matters, and things to be done under, and in virtue of the bankruptcy. Nothing of greater importance is required to be done under and in virtue of the bankruptcy than the collection of the assets belonging to the estate of the bankrupt. Bankrupts, as all experience shows, have debts due them in districts other than the one where the proceedings against them are instituted, and section 14 of the act provides that all "debts due" to the bankrupt, as well as all his rights of action for property, or estate, real or personal, and for any cause of action which the bankrupt had against any person, arising from contract, or from the unlawful taking, detention, or injury to property of the bankrupt, etc., shall, in virtue of the adjudication of the bankruptcy and the appointment of the assignee be at once vested in such assignee. Power and authority to sell, manage, dispose of, sue for, and recover, or defend the same, are also vested in the assignee by virtue of the same adjudication and appointment. 14 Stat. 523. He is empowered to demand and receive from any and all persons holding the same, all the estate assigned, or intended to be assigned, under the provisions of the bankrupt act, and shall have the like remedy to recover all said estate, debts, and effects in his own name, as the debtor might have had if the decree in bankruptcy had not been rendered and no assignment had been made. Assignees, if they request it, are to be admitted to prosecute actions pending in the name of the bankrupt at the time he was adjudged to be such, no matter where the action was pending, if it was an action for the recovery of a debt, or other thing, which might, or ought to pass to the assignee by the assignment. They are to be chosen by the creditors, but the provision is, that as soon as the assignee is appointed and qualified, the judge, or where there is no opposing interest the register, shall, by an instrument under his hand, assign and convey to the assignee all the estate, real and personal, of the bankrupt. Such assignment being made it becomes the duty of the assignee within six months to cause the same to be recorded in every registry of deeds, or other office in the United States where a conveyance of any lands owned by the bankrupt ought by law to be recorded, and it is enacted, that such records, or a duly certified copy of the same, shall be evidence thereof in all courts, and that in suits prosecuted by the assignee, a certified copy of the assignment made to him by the judge or register, shall be conclusive evidence of his right to sue. His duty to sue as well as his right, if necessary to collect the assets of the bankrupt, is shown beyond all doubt: but it is as clear as anything in judicial investigation can be, that he cannot perform that duty, nor exercise that right in the federal courts, unless the jurisdiction in this case is sustained, and it is not pretended by either party that the process of the district court in such a case extends beyond the limits of the district.

Debts due to the bankrupt from persons resident in the district where proceedings

are pending, it is conceded, may be collected by suit in such district court, which proves to a demonstration that it is the subject-matter, and not the citizenship of the parties, which gives the jurisdiction, as in that case it must be understood that both parties are citizens of the same state.

Power to establish uniform laws on the subject of bankruptcy is conferred upon congress by the constitution, and it is quite clear that the bankrupt act and all its provisions were framed in pursuance to that authority. Whatever jurisdiction, therefore, the district courts have in actions brought by assignees to collect the assets of the bankrupt, or to recover any of his rights of property, real or personal, is derived from the bankrupt act, passed in pursuance of that authority. Comprehensive and explicit as that clause of the constitution is, it is not possible to doubt that it empowers congress, not only to establish uniform laws on the subject of bankruptcies throughout the United States, but also to commit the execution of the system to such courts of the United States as congress shall see fit, and to prescribe such modes of procedure and means of administering the system as congress in their discretion shall deem best suited to carry it into successful operation. Congress accordingly passed the existing bankrupt act, and conferred the exclusive, original jurisdiction, except in a limited class of cases, upon the district courts, giving the circuit courts, within and for the district where the proceedings in bankruptcy shall be pending, except where special provision is otherwise made, the power to revise all such cases and questions arising under the act, as in a court of equity, in term time or in vacation.

Original jurisdiction is also conferred upon the circuit courts, concurrent with the district courts of the same district, in all suits at law, or in equity, which may be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property, or rights of property of said bankrupt, transferable to, or vested in, such assignee. District courts, in the exercise of their exclusive original jurisdiction, may act in administrative matters, or matters of mere discretion, as well in vacation as in term time. And a judge, sitting at chambers, in such matters has the same powers and jurisdiction as when sitting in court, and all such adjudications, orders, and decrees may be revised in the circuit court, within and for the district where the proceedings in bankruptcy shall be pending under the first clause of section 2 of the same act. Morgan v. Thornhill, 11 Wall. [78 U. S.] 72; Hall v. Allen, 12 Wall. [79 U. S.] 453.

Jurisdiction is also conferred upon the district courts, in actions at law, or suits in equity to collect the "assets of the bankrupt," or as the enactment is expressed in section 14 of the act, "to sue for and recover" all rights in equity, choses in action, patents and patent rights and copyrights, all debts due to the bankrupt, or any person for his use, and all property real and personal, and all damages for injuries to the property of the bankrupt, and also to redeem all his property or estate as fully as the bankrupt might or could have done, if no assignment had been made. Actions at law or suits in equity, under those clauses, cannot be heard and determined by the district court at chambers nor in vacation, nor can any judgment or decree entered by the district court, in such a case, be revised by the circuit court, under the first clause of section 2 of the bankrupt act. Knight v. Cheney [Case No. 7,883]; Smith v. Mason [14 Wall. (81 U. S.) 419].

Writs of error may be allowed in such cases to the circuit courts, in actions at law, and appeals may be taken to the same courts in all cases in equity, when the debt or damages claimed amount to more than $500, and the like remedy is given to the losing party, in the circuit court, to remove the cause into the supreme court, where the matter in dispute shall exceed $2,000. Judgments or decrees in the district courts, where the debt or damage does not amount to more than $500, are final in that court, and judgments and decrees in such cases in the circuit courts, where the matter in dispute shall not exceed $2,000 are final in the circuit court, where the judgment or decree was rendered. The execution of the bankrupt act, to the extent already described, is committed to the federal courts organized under the judiciary act. Provision is also made, by section 3 of the act, for the appointment in each congressional district, of one or more registers in bankruptcy, to assist the judge of the district court in the performance of his duties under the act, showing that congress intended to provide every necessary instrumentality to execute the system, in all its details. Important duties, under the act, also devolve upon the marshal of the United States, and the settled practice is, that oaths must be administered by the court, clerk, or register, or a commissioner of the circuit court, and that neither a justice of the peace, nor any other state officer, not authorized to administer oaths in the federal courts, by an act of congress, can administer oaths in such proceedings. Viewed in the light of these suggestions as the question must be, the court is of the opinion that congress, in framing the bankrupt act, intended to provide federal instrumentalities for its complete execution, and such as are sufficient to carry it into full effect. State courts may doubtless exercise concurrent jurisdiction with the circuit and district courts in certain cases growing out of proceedings in bankruptcy; but congress, in the judgment of the court, intended to provide the means for the execution of the law, in all cases, even though the state courts should refuse

to exercise jurisdiction. Confirmation of that view is derived from section 32 of the act, which provides that all proof of debts against the estate of the bankrupt, by or in behalf of creditors residing within the judicial district where the proceedings in bankruptcy are pending, shall be made before one of the registers of the court, in said district, and by or in behalf of non-resident creditors, before any register in bankruptcy, in the judicial district, where such creditors or either of them reside, or before any commissioner of the circuit court authorized to administer oaths in any district tribunals of federal creation. Methods are also provided for the execution of the bankrupt law in the District of Columbia, and in all the several territories of the United States, and the provision is, that in judicial districts not within any organized circuit of the United States, the power and jurisdiction of a circuit court in bankruptcy, may be exercised by the district judge, showing that the intention of congress was that the jurisdiction created by that act should everywhere, within the territorial limits of the United States, be exercised, and the law be administered by federal tribunals and officers appointed under federal authority.

Unless the case before the court constitutes an exception, no act required to be done in execution of the bankrupt law can be named or pointed out which may not be done in the designated federal tribunal or by the federal officer designated in the bankrupt law. Enough has already been remarked to show that congress never could have intended to constitute any such exception, which sufficiently appears from the fact that section 1 of the act contains no language to support any such theory. And also from the fact, that such a limitation applied to the circuit court is plainly expressed in the first clause of section 2 of the act, giving those courts general superintendence and jurisdiction in all cases and questions arising under the bankrupt act, except when special provision is otherwise made. Subsequently the same limitation was also incorporated into the third clause of section 2, by which jurisdiction is given to the circuit courts, concurrent with the district courts of the same district, in suits at law or in equity brought by the assignee against any person claiming an adverse interest, or by such person against such assignee in the cases therein described. Such jurisdiction is concurrent with the district court of the same district, which means that the plaintiff may bring his suit either in the circuit or the district court of the district, at his election, plainly showing that congress, when they mean to enact a limitation, find no difficulty in selecting appropriate words to express such an intention. Beyond doubt congress, in enacting the bankrupt law, intended to make it uniform throughout the United States, and in order to secure such uniformity congress obviously

intended to create or to designate tribunals and officers to execute all its provisions; but it is clear that if the supposed defect of jurisdiction exists in the district courts, that the act neither creates nor designates any tribunal which is obliged to exercise any such jurisdiction. Suppose it be conceded that such a suit may be prosecuted in a state court, the concession will not give any support to the theory of the defendant, as it is settled constitutional law that congress cannot compel a state court to entertain jurisdiction under an act of congress in any case; that it is optional with them, in all cases, whether to entertain any jurisdiction or not; that they are left to consult their own duty from their own state authority, and some courts have held that congress cannot confer any jurisdiction upon a state court in a matter within the exclusive jurisdiction of the federal government. Martin v. Hunter, 1 Wheat. [14 U. S.] 330, 331; McLean v. Lafayette Bank [Case No. 8,885]; Stearns v. U. S. [Id. 13,341].

Criminal jurisdiction cannot be conferred upon state courts, by an act of congress, and it seems to be everywhere admitted, that they are not bound to exercise jurisdiction, even in civil cases, but that they may decline to do so if they see fit, or if the laws of the state forbid it. Stearns v. U. S. [supra]; Houston v. Moore, 5 Wheat. [18 U. S.] 27; 1 Kent, Comm. (11th Ed.) 399, 400; 2 Story, Cont. (3d Ed.) §§ 1752–1755.

Grant that the theory of the defendant is correct, and it follows that the bankrupt law cannot be executed, except by the consent of the several states, and it is quite clear that the state courts cannot exercise jurisdiction in such cases, if they are forbidden to do so by their respective state legislatures. Strong support to the theory, that the jurisdiction exists, is also derived from a comparison of the language of section 6 of the prior act, with the language of section 1 of the existing act, in view of the authoritative construction, which was given to the provision in the prior act. Provision was made by section 6 of the prior act, "that the district courts in every district shall have jurisdiction in all cases and proceedings in bankruptcy, arising under the act." And that the jurisdiction shall extend "to all cases and controversies" in bankruptcy, arising between the bankrupt and any creditor or creditors and the assignee of the estate, whether in office or removed, to all cases between such assignee, and the bankrupt, and to all acts, matters, and things to be done, under and in virtue of the bankruptcy, etc. 5 Stat. 545.

All must admit that no words are contained in the prior law to support the theory, that the jurisdiction was intended to be conferred, which are not contained in section 1 of the existing act. Nothing of the kind is suggested, nor could it be, as the comparison of the two provisions shows that the language

of the existing act affords stronger evidence that congress intended to confer the jurisdiction, than anything found in the prior act, as the clause enumerating certain matters cognizable in the district courts contains the words, "that the jurisdiction shall extend to the collection of the assets of the bankrupt," which words are not contained in the corresponding provision in the prior law. Judge Story decided in Ex parte Martin [Case No. 9,149], that the language of the prior law was not, in terms or by fair implication, necessarily confined to cases of bankruptcy originally instituted, and pending in the particular district court, where the relief is sought. On the contrary it is not unnatural to presume, said the same judge, that in cases originally instituted and pending in one district, an assignee may apply to reach persons and property situate in other districts, and require auxiliary proceedings therein to perfect and accomplish the objects of the act; the intention of congress was, that the district courts in every district should be mutually auxiliary to each other for such purposes and proceedings. Speaking of the language of the act, the same judge remarked, it is sufficiently comprehensive to cover such cases, adding that he could perceive no solid ground of objection to such an interpretation of the provision. Relief cannot be granted by the district court of the district, where the bankrupt proceedings are pending, as the process of that court is inoperative beyond the territorial limits of the district, and it is clear that the state courts are not obliged to entertain jurisdiction in any such case. Refusal to pay a just debt, is a wrong for which the assignee ought to have a remedy not dependent upon the option of a state court, but it is clear that the plaintiff has none such in this case, unless the jurisdiction of the district court in this district is sustained. States in providing their own judicial tribunals have a right to limit, control, and restrict their judicial functions and jurisdiction, according to their own mere pleasure. They may, as Judge Story remarked in a later case, refuse to allow suits to be brought there under the laws of the United States, for any one of the reasons mentioned by the learned judge, or for many other reasons which might be suggested. Mitchell v. Great Works Co. [Id. 9,662].

Bankrupt courts throughout the United States, it is believed, adopted those views in all their adjudications made subsequent to that decision, in administering the prior bankrupt law. Direct adjudication to that effect is found in the case of Moore v. Jones, 23 Vt. 746, in which the opinion was given by the learned district judge of the Vermont district. The equity jurisdiction of the district courts of the United States, under the bankrupt act, said Prentiss, J., is not confined to cases of bankruptcy originally arising and pending in the particular court, where the relief is sought, as cases of bankruptcy originally instituted and pending in one district, may apply to reach persons and property situate in other districts. and as they may require auxiliary proceedings in such districts, to perfect and accomplish the objects of the act, it is held, that the intention of congress was, that the district courts in every district should be mutually auxiliary to each other for such purposes and proceedings. Goodall v. Tuttle [Case No. 5,533].

Contrary decisions have been made by several of the district judges, and in one case by a circuit judge, but it must suffice to remark in respect to those decisions, that the reasons assigned in support of the conclusions, do not appear to be satisfactory. They assume what is not correct, that the jurisdiction of the district courts is confined to the district in which the proceedings shall be pending. Such an expression is contained in the first clause of section 2 of the act, which describes the revisory power of the circuit courts. but it is not contained at all in section 1 of the act, and courts of justice have no right to enact any such amendment. Suits to collect the assets of the bankrupt, except to a very limited extent, cannot be maintained in the circuit courts, so that if the theory of the defendant is correct, there is no right under the bankrupt act to maintain suits for such a purpose in any federal court in a case where the debtor resides out of the district in which the proceedings in bankruptcy are pending, which cannot be admitted, as the whole tenor of the bankrupt act shows that congress intended to provide for the complete administration of the bankrupt system in the federal courts, and through the instrumentality of federal officers. Confirmation of that view is also derived from the fact that congress borrowed the language employed to describe the jurisdiction of the district courts from the corresponding section in the prior law, which had uniformly been so construed by the federal courts, and also from the fact that it is settled law that congress cannot compel the state courts to entertain such jurisdiction in favor of an assignee for the collection of the assets of the bankrupt.

These and many other considerations which might be adduced go to show, that the cases which deny the jurisdiction of the district court in such a case, are not well decided. Judgment reversed.

[For a hearing upon the merits. see Case No. 11,732.]