GOODIER v. BARNES et al.

(Circuit Court, N. D. New York. June 19, 1899.)

1. BANKRUPTCY—JURISDICTION OF CIRCUIT COURT—CITIZENSHIP.
   Under Bankruptcy Act 1898, § 23, a circuit court of the United States has no jurisdiction of a bill in equity by a trustee in bankruptcy to set aside an alleged fraudulent conveyance of property by the bankrupt, when the bankrupt, the trustee, and the defendant are all citizens of the same state.

2. SAME.
   Clause c of section 23, providing that "the United States circuit courts shall have concurrent jurisdiction with the courts of bankruptcy, within their respective territorial limits, of the offenses enumerated in this act," has no applicability to civil actions; the "offenses enumerated" meaning the crimes described in section 29.

In Equity. Motion to dismiss the bill on the ground that this court has no jurisdiction of the action, which is brought by a trustee in bankruptcy to set aside an alleged fraudulent transfer by the bankrupt of his property. All the parties are citizens of this state and reside in this district.

Fred. G. Fincke, for the motion.
Fred. H. Hazard, opposed.

COXE, District Judge. No papers have been submitted on this motion except the briefs. The court understands that no objection is made to the form of the motion and that the sole question which counsel desire the court to determine is whether or not the circuit court has jurisdiction of the action. The court has been unable to find an authority sustaining the jurisdiction; none is cited. A persuasive argument, sustained by several recent decisions, can be advanced in favor of the jurisdiction of the district court in these cases, but this conclusion, if affirmed, will not aid the complainant. Although the authorities are not in accord as to the proper construction of the present act, they all, apparently, agree that section 23 prohibits the circuit court from entertaining jurisdiction of actions of this character. Burnett v. Mercantile Co., 91 Fed. 365; Mitchell v. McClure, Id. 621; In re Sievers, Id. 366; Carter v. Hobbs, 92 Fed. 594; In re Abraham, 93 Fed. 767; Hicks v. Knost, 1 Nat. Bankr. News, 336, 94 Fed. 625.

The proposition that paragraph c of section 23 of the act is applicable to a civil action cannot be maintained. It is limited by express words to "the offenses enumerated in this act," namely, the crimes described in section 29. The motion is granted.