PERKINS v. McCAULEY et al.

(District Court, S. D. California. November 27, 1899.)

No. 1,295.

BANKRUPTCY—JURISDICTION OF ACTIONS BY TRUSTEE.

Under Bankr. Act 1898, § 23b, providing that suits by a trustee in bankruptcy shall be brought or prosecuted only in those courts where the bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, a court of bankruptcy has no jurisdiction of a suit by such trustee to set aside a transfer of property made by the bank-

rupt, and alleged to be in violation of the act, either as a preference or as a fraudulent conveyance, when the bankrupt, the trustee, and the defendant are citizens of the same state.

On demurrer to a bill in equity filed by Gregory Perkins, Jr., as trustee in bankruptcy of the San Gabriel Sanatorium Company, against J. W. McCauley and others.

E. T. Dunning, for complainant.
Anderson & Anderson, for defendants Markham & Smith.
A. R. Metcalfe, for defendant First Nat. Bank of Pasadena.
D. P. Hatch, for defendant J. W. McCauley.

WELLBORN, District Judge. The present hearing is on demurrer to the bill, and raises, among others, the following question: Has a district court of the United States jurisdiction, under the bankrupt act now in force, over a suit brought by a trustee in bankruptcy to set aside a transfer of property made by the bankrupt, either as a preference or without consideration, in violation of said act, when the complainant and defendant are citizens of the same state? Upon this question the courts are divided. Among the numerous cases cited in complainant's briefs to the affirmative are In re Gutwillig (D. C.) 90 Fed. 481; In re Brooks (D. C.) 91 Fed. 508; In re Sievers, Id. 366, affirmed (on points, however, other than the jurisdictional one) in Davis v. Bohle, 34 C. C. A. 372, 92 Fed. 325; Carter v. Hobbs (D. C.) 92 Fed. 594; Trust Co. v. Benbow (D. C.) 96 Fed. 514. The negative is supported by Burnett v. Mercantile Co. (D. C.) 91 Fed. 365; Mitchell v. McClure, Id. 621; In re Abraham, 35 C. C. A. 592, 93 Fed. 768; Hicks v. Knost (D. C.) 94 Fed. 625; Camp v. Zellars, 36 C. C. A. 501, 94 Fed. 799. My views accord with the latter line of decisions. The supreme court cases referred to in complainant's briefs (Ex parte Christy, 3 How. 292, 11 L. Ed. 603; Ray v. Norseworthy, 23 Wall. 128, 23 L. Ed. 116; Lathrop v. Drake, 91 U. S. 516, 23 L. Ed. 414; and Glenny v. Langdon, 98 U. S. 20, 25 L. Ed. 43) concern the bankrupt acts of 1841 and 1867, and are ineffective as aids to the interpretation of the bankrupt act of 1898, for the reason that the limitations upon the jurisdiction of United States courts prescribed in the latter act do not appear in the former acts. The grant of jurisdiction to the district courts by the bankrupt act of 1898 is found in section 2 of said act, and the directly pertinent provisions of said section, so far as concerns the point now under consideration, are as follows:

"That the courts of bankruptcy * * * are hereby invested * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings * * * to * * * (7) cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided."

The limitations referred to in the clause, "except as herein otherwise provided," just quoted, are found in section 23 of the said act, and are as follows:

"Sec. 23. Jurisdiction of United States and State Courts. (a) The United States circuit courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by

the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants. (b) Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant. (c) The United States circuit courts shall have concurrent jurisdiction with the courts of bankruptcy, within their respective limits, of the offenses enumerated in this act."

Complainant contends that, inasmuch as a bankrupt himself could not maintain a suit to set aside a transfer made by him in fraud of the bankrupt act, therefore subdivision "b," § 23, of said act, above quoted, does not apply to a suit of that character, but only includes suits upon causes of action which existed in the bankrupt prior to his bankruptcy. The vulnerability of this argument is clearly shown by Judge Bellinger, in an opinion briefly expressed, but remarkably lucid and comprehensive, in Burnett v. Mercantile Co., supra. I quote from the opinion as follows:

"It is argued that because the bankrupt cannot maintain a suit to set aside a conveyance, as fraudulent, made by himself, therefore the provision quoted does not apply in a case like this. But this is a question of jurisdiction, —a question of the right to determine, not of the principles to obtain in reaching a determination. If the bankrupt himself brought the suit, he could not be turned out of court on the question of jurisdiction. The authority of the court to decide as to his rights would be unquestioned, although he might be precluded in his right to relief by his own act. * * * As already suggested, it is wholly immaterial that in the one case—a case where the proceeding is instituted by the bankrupt himself—there could be no recovery upon the principles of estoppel, and in the other case, where the proceeding is brought by a creditor, a different result would follow. As stated, it is not a question of the determination to be reached, but of the jurisdiction to hear and make a determination."

Another excellent statement of the question is found in Re Abraham, supra, where Judge McCormick says:

"If * * * resort must be had to legal proceedings, the adverse claimant is entitled to his day in court, and in that court in which the bankrupt could have brought suit against him for the recovery of the property and assets. The fact that the bankrupt might be estopped and fail of securing a recovery in no manner changes the aspect of the question as to the court in which a suit for such recovery could be brought by him."

To the same effect, in Mitchell v. McClure, supra, Judge Buffington says:

"The action is for the possession of personal property. On the face of the pleadings no reason appears why the bankrupt could not have brought replevin in the common pleas of Pennsylvania. If such be the case, clause 'b' of section 23 provides that, where suit is brought, the bankrupt's trustee should resort to that court. It is contended, however, that this section does not apply to the present action, because the bankrupt, having conveyed these goods in fraud of his creditors, had no standing to question the defendant's title; that the right of action vested in the bankrupt's receiver or trustee never was in the bankrupt, and consequently clause 'b' has no application. Possibly a sufficient answer to this contention is that such a defense goes to defeat the action, and not to affect jurisdiction."

Comparing the provisions of section 2 of the bankrupt act of 1898, above quoted, with the corresponding clauses of the bankrupt act of 1867, which were as follows: "The jurisdiction conferred upon the district courts as courts of bankruptcy shall extend: * * *

Second. To the collection of all the assets of the bankrupt,"—Judge Buffington, in the same case (Mitchell v. McClure, supra) further says:

"The language thus employed, 'cause the estates of bankrupts to be collected,' is not broader, if, indeed, as broad, as that in the former act; for it may be said that a jurisdiction extended 'to collection' of assets implies a grant of power to the authorized court to itself enforce such collection, while a grant of power 'to cause estates to be collected' necessarily carries with it no such implication. But, assuming they are substantially the same, why should the words of the latter act be given a construction which corresponding ones did not have under the former? The absence, too, in the new act, of a jurisdictional grant of power to bring plenary suits, corresponding to the third clause of section 2 of the former act, quoted above, is also suggestive of a purpose in congress not to grant such power. But this is not all. In the twenty-third section of the present act (30 Stat. 552) we find a much narrower grant of federal jurisdiction, and that to the circuit court alone. That section, which by its caption refers to the 'Jurisdiction of United States and State Courts,' by subdivision 'a' limits the jurisdiction of the circuit court between trustees, as such, and adverse claimants, concerning property acquired or claimed by trustees, to cases where such court would have had jurisdiction had such controversy been between the bankrupt and such adverse claimants, and no proceedings in bankruptcy been instituted. Subdivision 'b' expressly restricts suits brought by a trustee to a court where a bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted. To that extent it limits jurisdiction in both circuit and district courts. Such restriction of federal jurisdiction, as compared with the broad jurisdictional provisions of the former act, and the further positive requirement that suits by the trustee shall be brought in courts where the bankrupt could have done so, evidence the intent of congress that other courts besides the circuit and district ones could, and in some cases must, be resorted to, in causing the estates of bankrupts to be collected. To attribute to that part of section 2, viz. 'cause the estates of bankrupts to be collected,' etc., the sweeping effect here claimed, viz. to authorize the district court to entertain jurisdiction of a plenary, common-law action, is to ignore the limiting provisions of section 23, which by its caption refers to the 'Jurisdiction of United States and State Courts.' "

I am fully satisfied, after careful consideration of the question, that the purpose of congress in the enactment of said section 23 was, in part, to make the boundaries, under said act, between federal and state judiciaries, as to "all controversies at law and in equity, as distinguished from proceedings in bankruptcy," coincident with the lines of demarkation then existing, thus giving an adverse claimant, against whom a trustee in bankruptcy asserted a cause of action, the privilege of being sued in local courts, and thereby saving to such claimant the burdensome expenses and costs necessarily incident to litigation in a distant tribunal, except in cases where, if the bankrupt had been plaintiff, and proceedings in bankruptcy had not been instituted, the suit, because of diverse citizenship, or a federal question not related to the bankrupt act itself, and a requisite amount in controversy, could have been brought in the United States courts. This construction is at once indicated by the caption of said section 23, and required by the peculiar phraseology of subdivision "b," which confines the trustee, not to courts where the bankrupt might have maintained (that is, successfully prosecuted) the suits, but to courts where the bankrupt "might have brought or prosecuted them." These words manifestly refer to the ordinary requirements of federal jurisdiction, and not to the merits of controversies. Said section, then, being designed to restrict the juris-

diction of federal courts, constructive enlargement of such jurisdiction is inadmissible. The argument in Re Sievers, supra, that because said subdivision "b" is found between subdivisions "a" and "c" of the same section, both of which latter subdivisions in terms refer to circuit courts of the United States, therefore subdivision "b" must be limited to the same courts, is fully answered by the title or headline of the section, "Jurisdiction of United States and State Courts." Said argument is based on the postulate, undoubtedly correct, that subdivisions "a" and "c" refer exclusively to circuit courts of the United States. Now, if subdivision "b" also refers exclusively to said courts, then the section contains no reference whatever to state courts, and the title or headline, which was enacted by congress as a part of the section, is in direct conflict with the body of the section, and must be absolutely ignored. Surely, a construction which leads to such results ought not to be adopted, over one which, while giving due effect to each of the clauses herein quoted, harmonizes all with the manifest policy of the statute on the subject to which they relate. Demurrer sustained, and bill dismissed, for want of jurisdiction.