## PHILIPS v. TURNER.

(Circuit Court of Appeals, Fifth Circuit. April 22, 1902.)

### No. 1,121.

BANKRUPTCY—JURISDICTION AS DEPENDENT ON CONSENT.

Bankr. Act, § 23b, provides that suits by the trustee shall only be brought in courts where the bankrupt might have brought them unless by consent of the proposed defendant. Creditors filed a petition in involuntary bankruptcy on the ground that their debtor had sold his property to P. with intent to prefer him, and at the same time obtained an injunction restraining an attaching creditor from proceeding with his attachment and the bankrupt and P. from attempting to take possession of the attached property, etc. P.'s motion to dissolve the injunction was denied, and a referee appointed to examine into the good faith of the sale to P., etc. Thereafter, the adjudication in bankruptcy having meanwhile been entered by default, the referee reported that P. had reasonable cause to believe the debtor insolvent at the time of the sale. P. filed a petition in the district court reciting the prior proceedings and praying to have the referee's finding reviewed and the injunction dissolved. The trustee in bankruptcy answered. the answer being made a cross petition, and prayed an order requiring P. to account for and turn over the property. Held, that the district court had jurisdiction to make orders directing P. to account for and turn over the property, the record sufficiently showing that he had consented to the litigation.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of Mississippi.

It appears from the record that several creditors of A. B. Wolf, holding claims for an amount sufficient, filed a petition in the district court to have him adjudged a bankrupt. The ground of bankruptcy alleged was that within four months then next preceding he had sold and delivered to the petitioner Philips, one of his creditors, all of his property, consisting of real estate, merchandise, choses in action, etc., with intent to give said Philips an unlawful preference. Simultaneously a petition was filed by the same creditors against the New Orleans Chemical Company, the sheriff of Scott county, Miss., and said Philips, reciting the fact of the petition in involuntary bankruptcy having been filed, and the further facts that the said sale had been made to Philips with fraudulent intent; that the New Orleans Chemical Company had a few days before procured a writ of attachment against Wolf, which the plaintiff had levied upon a large part or the whole of the property of said Wolf, and was in possession of the sheriff. unless it should, before action on the petition, be replevied by Wolf or Philips. It was charged that, if the chemical company should be allowed to proceed with its attachment, it would be disposed of if not replevied, and would be dissipated, or be so intermingled or confused as to defeat the purpose of the bankruptcy proceedings. An injunction was prayed for to restrain the further prosecution of the attachment suit, and to prevent Wolf, Philips, and the sheriff from intermeddling with or recovering any of the property, and for the appointment of a receiver to take charge of the same until a trustee could be appointed after an adjudication of Wolf as a bankrupt. An injunction was granted upon petitioner entering a bond in the sum of $2.000 to plaintiff Philips. Philips, having been duly summoned, moved for

a dissolution of the injunction four days later on affidavits and testimony. At the same time he filed an answer, claiming to have acquired the property from Wolf in good faith; that the price in hand paid was all cash except $1,850 borrowed money owing to him by Wolf. He also alleged that a small lot of flour, of the value of $125, which had never belonged to Wolf, was in his store with the stock bought of the latter. He denied the charge of having acquired Wolf's property in contravention of the bankrupt law. The motion to dissolve, after argument by both parties, was denied, but the injunction was modified to the extent of allowing Philips to recover his flour. In the same order the matter was referred to the referee, Nugent, for full investigation and finding as to the solvency of Philips, the bona fides of the transfer of said property, and of the solvency or insolvency of Wolf, and all other material facts. On December 3, 1900, Wolf was adjudged bankrupt by default. The referee reported, on December 28th, the facts as found by him. He found: (1) That Wolf was insolvent at the time of the transfer of the stock of merchandise and accounts to Philips; (2) that $1,800 of the consideration was a pre-existing debt; (3) that Philips had reasonable cause to believe that Wolf was insolvent at the time of the conveyance. The report was filed December 28th. Subsequently Philips filed a petition in the district court reciting all prior proceedings and the appointment of a trustee; averring that the referee erred in his finding that petitioner had reasonable cause to believe that Wolf intended to prefer him over his other creditors; alleged that the evidence, all of which was on file, showed the contrary; and that he purchased the property in good faith for an adequate consideration. He prayed that his petition be taken as an exception to the finding, and that the court would review the said evidence and finding of the referee, and dissolve its said restraining order. The attorneys for the creditors and for E. L. Turner, the trustee, who had been appointed by the district court, accepted service of said petition, and for the purpose of a speedy hearing on said petition and such pleas, answers, or demurrers as they might present thereto waived notice, and agreed that the same should be heard before the district judge on April 5th thereafter. This agreement and waiver was made on March 29, 1901. On the next day a separate answer to Philips' petition of review was filed by E. L. Turner, the trustee of the bankrupt, which maintained the correctness of the referee's finding, and repeated the allegation of the unlawful preference. This answer was made a cross petition, and upon an averment that Philips had secured possession of the bankrupt's property, and had disposed of a portion of it, it was prayed that he be required to account for and pay over the proceeds, as well as to surrender what remained. Philips, who had filed the petition which provoked this answer and cross petition, and who had alleged the appointment or election of a trustee for Wolf's estate, entered a motion to strike out the answer of Turner, trustee, upon the grounds: First, that Turner was not a party, and was without interest; and, second, because the court had no jurisdiction to determine the alleged interest of said trustee touching the matter about which relief was sought. He also interposed a demurrer to the cross petition for want of jurisdiction, and because, as alleged, there was no law for granting the relief prayed for. The court entered a decree or order on May 9, 1901, overruling Philips' demurrer and motion, and directing Philips to render an account to the referee of all property and effects received by him from Wolf, the bankrupt, and to turn over and deliver to E. L. Turner, the trustee, the accounts and property remaining in his hands, and that he pay the ascertained value of such portion of the property as should not be surrendered. On the same day the court made an order reciting that, it having been made to appear on the hearing of the issues on petition of the creditors and of P. Philips, the claimant, that a portion of the assets and effects of the bankrupt were still in the possession of the sheriff of Scott county under writs of attachment, and that Philips, out of whose possession the same had been taken, had been required to surrender the same to E. L. Turner, trustee, it was therefore ordered that the sheriff deliver same to Philips, or, in his absence, to E. L. Turner. An application was made for a writ of seizure and sequestration of Wolf's effects in Philips' hands, adjudged to have been transferred in fraud of the bankrupt law, and same was

granted. The petition filed by Philips in this court is to review these orders of the district court.

Geo. S. Dodds, Charles J. Boatner, and Mark M. Boatner, for petitioner.

L. H. Doty and T. M. Miller, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The only material question raised is as to the jurisdiction of the district court to make the orders and decrees relating to the property transferred by the bankrupt, Wolf, to Philips. The petitioner, Philips, having voluntarily entered into the litigation in that court, cannot now be heard to deny its jurisdiction. By the terms of the bankruptcy act (section 23b) Philips consenting, the district court had jurisdiction of the questions litigated with him. The record, we think, shows that Philips consented to the litigation in the district court.

On the authority of Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, the judgment of the district court is affirmed.