LOWENSTEIN v. REIKES et al.
SAME v. I. N. PLATT & CO., Inc.

Circuit Court of Appeals, Second Circuit.
Dec. 7, 1931.

Kommel & Zucker, of New York City, for appellant Annie Reikes.

J. Irwin Shapiro, of New York City (David W. Kahn, of New York City, of counsel), for appellant I. N. Platt & Co., Inc.

Jacob M. Zinaman, of New York City, for plaintiff-appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Motions are made in the above suits to dismiss the appeals because they were not filed within 30 days' time as specified in section 24c of the Bankruptcy Act (11 USCA § 47 (c). If the time is not controlled by section 24c, then 28 USCA section 230 is applicable which allows three months in which to appeal.

In Lowenstein v. Reikes, the trustee sued in the District Court in a plenary action to set aside fraudulent and preferential conveyances and transfers under sections 60b, 67e, and 70e, of the Bankruptcy Act, 11 USCA §§ 96 (b), 107 (e), 110 (e). The first cause of action is to set aside a transfer of stock to the bankrupt's wife, claimed to be in violation of section 70 as well as in breach of the state law; the second cause of action is to set aside the transfer of the same stock to one Wilk, and Wilk Brothers, on the ground of preference; the third cause of action is based on conspiracy by the bankrupt, his wife, Wilk, and Wilk Brothers, to make preferential transfers; the fourth cause of action relates to a preferential transfer of stock to the Fordham National Bank; and the fifth cause of action is based upon an alleged conveyance of real estate and transfer of stock by the bankrupt to his wife without consideration and upon an agreement by her to hold the property for his benefit and reconvey it upon demand.

The Platt Case differs from the Reikes Case in that there is no cause of action based on the state law. This action was tried before a jury.

The question presented is whether an independent plenary preference suit brought on the equity side of the court is a "controversy arising in bankruptcy proceedings from the courts of bankruptcy" within sec-

SWAN, Circuit Judge, dissenting.

tion 24a (11 USCA § 47 (a), and therefore whether section 24c limiting the time of appeal to 30 days is applicable. Section 23 of the Bankruptcy Act (11 USCA § 46 (b) confers jurisdiction on the District Court in the following language: "(b) Suits by the trustee shall be brought or prosecuted only in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section 96, subdivision b, of this title; section 107, subdivision e, of this title; and section 110, subdivision e, of this title."

The amendments to the Bankruptcy Act in 1903 and 1910 modified the restriction originally laid down as to the jurisdiction of the federal courts in suits to set aside unlawful or fraudulent preferences, by making exceptions in the case of suits for the recovery of property under sections 60b, 67e and 70e, 11 USCA §§ 96 (b), 107 (e), 110 (e). The first section relates to preferences given within four months of filing the petition in bankruptcy; the second relates to the setting aside of conveyances made to hinder, delay, or defraud creditors made within a like period; and the third is a provision by which the trustee may avoid any transfer by the bankrupt of his property, which any creditor of the bankrupt might have avoided. These respective sections grant jurisdiction to the "courts of bankruptcy" and to the state courts concurrently. If a plenary suit be brought either at law or in equity against a third person, jurisdiction vests in the District Court under section 23 (b) since the amendment, and as to causes of action based upon either sections 60b, 67e, or 70e, jurisdiction may be exercised without the consent of the defendant and does not depend upon diversity of citizenship or the amount involved. Flanders v. Coleman, 250 U. S. 223, 39 S. Ct. 472, 63 L. Ed. 948; Stellwagen v. Clum, 245 U. S. 605, 38 S. Ct. 215, 62 L. Ed. 507; Collett v. Adams, 249 U. S. 545, 39 S. Ct. 372, 63 L. Ed. 764; Brent v. Simpson, 238 F. 285 (C. C. A. 5); Golden Hill Distilling Co. v. Logue, 243 F. 342 (C. C. A. 6). Prior to these amendments, in Bardes v. Hawarden Bank, 178 U. S. 524, 20 S. Ct. 1000, 44 L. Ed. 1175, the court held that, under section 23 of the Bankruptcy Act, the District Court could, by the consent of the defendant, and not otherwise, entertain suits by trustees against third persons to recover property conveyed by the bankrupt before an institution of bankruptcy proceedings. And in Collett v. Adams, 249 U. S. 545, 39 S. Ct. 372, 374, 63 L. Ed. 764, where a suit was brought in equity by a trustee in bankruptcy to set aside the transfers as a voidable preference, basing it upon section 60b of the Bankruptcy Act, 11 USCA § 96 (b), the court, in holding that jurisdiction existed under section 23b, 11 USCA § 46 (b), said: "The amendments are couched in plain words and effect a material change in the jurisdiction of suits by trustees to avoid preferential transfers and recover the property or its value under section 60b. The exception ingrafted on section 23b takes such suits out of the restrictive provisions of that section; the sentence added to section 60b makes them cognizable in the courts of bankruptcy, as well as in such state courts as could have entertained them if bankruptcy had not intervened; and the new clause in section 2 dispels any doubt that otherwise might exist respecting the power of a court of bankruptcy other than the one in which the bankruptcy proceeding is pending to entertain such a suit where the property sought to be recovered is within its territorial limits."

These suits in the District Court may be regarded as in a court of bankruptcy. They are not, however, "controversies arising in bankruptcy proceedings" as referred to in section 24a.

A trustee's suit to recover a prohibited preference is analogous to a suit by a judgment creditor to set aside a fraudulent transfer, and hence may be maintained as a suit in equity, but solely by reason of section 23b. Prior to the amendments, section 23b (30 Stat. 552) permitted suits by the trustee of the bankrupt's estate to be brought only in those courts where they could have been brought if proceedings in bankruptcy had not been instituted. These suits are plenary suits to recover assets and enforce rights belonging to the estate, against persons claiming adversely to the bankrupt with respect to such assets or rights. The bankruptcy courts, as such, have jurisdiction by virtue of sections 60b, 67e, and 70e, for the recovery of property under those sections without the consent of the proposed defendant. The bankruptcy court has no broader power than that conferred upon it by statute. Section 2 of the act (11 USCA § 11) invests it "with such jurisdiction at law and in equity as will enable it to exercise original jurisdiction in bankruptcy proceedings." This jurisdiction is exclusive. In U. S. Fidelity Co. v. Bray, 225 U. S. 205, at page 217, 32 S. Ct.

620, 625, 56 L. Ed. 1055, the court said: "The jurisdiction of the bankruptcy courts in all 'proceedings in bankruptcy' is intended to be exclusive of all other courts, and that such proceedings include, among others, all matters of administration, such as the allowance, rejection, and reconsideration of claims, the reduction of the estates to money, and its distribution, the determination of the preferences and priorities to be accorded to claims presented for allowance and payment in regular course, and the supervision and control of the trustees and others who are employed to assist them."

Under this test, the exclusive jurisdiction of the bankruptcy court does not extend to suits at law or in equity affecting a bankrupt's estate where jurisdiction is invoked under section 23 of the act. Section 23 covers all controversies at law and in equity concerning property acquired or claimed by the trustee. Sections 60b, 67e, and 70e relate not to property which the trustee has acquired, but to such property as he claims and seeks to recover. The purpose of these sections is to avoid fraudulent or preferential transfers, and recover the property thus transferred to the estate of the bankrupt and have it applied to his estate, so that it may be available for the payment of his debts. Suits for the recovery of fraudulent and preferential transfers of property in possession of third parties, who claim adversely, are not proceedings in bankruptcy, but are controversies at law or in equity. They do not come within the provision of section 11 (11 USCA § 29) authorizing a court of bankruptcy to stay a pending suit against a bankrupt upon a claim from which the discharge in bankruptcy would be a release. In re United Wireless Telegraph Co. (D. C.) 192 F. 238; Frost v. Latham & Co. (C. C.) 181 F. 866; Parker v. Black (D. C.) 143 F. 560.

The jurisdiction conferred by section 24 (a) of the act deals with controversies arising in bankruptcy proceedings as such, and not with independent suits brought in the District Court. It is section 23 which grants jurisdiction in plenary suits by the trustee in the District Court, and in doing so refers to controversies at law and in equity as distinguished from proceedings in bankruptcy. Section 24a refers only to appellate jurisdiction of "controversies arising in bankruptcy proceedings from the courts of bankruptcy," and section 24b speaks of courts of bankruptcy and does not mention the District Courts as such. The Circuit Court of Appeals, by virtue of the statute creating it, has jurisdiction, independent of the Bankruptcy Act, of appeals from judgments and decrees of the District Court. The purpose of section 24 is to confer upon the Circuit Court of Appeals appellate jurisdiction of orders and decrees of the bankruptcy courts which arise in bankruptcy proceedings. This court pointed out in Childs v. Ultramares Corp., 40 F.(2d) 474, 478, decided after the 1926 amendment, that sections 24 and 25 of the Bankruptcy Act (11 USCA §§ 47, 48) are limited "to a review of 'controversies arising in bankruptcy proceedings from the courts of bankruptcy' (section 24 (a); 'proceedings of the several inferior courts of bankruptcy' (section 24 (b); 'from the courts of bankruptcy' (section 25 (a). They had no application, therefore, to 'controversies' in the circuit courts or in the state courts, brought pursuant to Sec. 23." And we said further: "As the 'controversies' under section 23 were but ordinary cases at law or in equity either in the state or federal courts, appellate jurisdiction as to them was governed by the general laws of the state or of the United States, respectively, on that subject; naturally no provision in respect thereto was necessary or is found in the Bankruptcy Act."

The report of the Committee of the Judiciary of the House of Representatives with reference to the adoption of the amendment of 1926 to section 24 (filed April 24, 1926, known as Report 877) shows that it was intended by Congress that the purpose of the amendment was to eliminate the distinction which had existed between petitions to review and petitions to appeal, and to make uniform the time in which all appeals from proceedings of the inferior courts of bankruptcy should be taken. Prior to 1926, the time within which the petition to review could be filed with the Circuit Court of Appeals varied in the circuits according to rule. In some circuits it was ten days and in others it was thirty. If Congress intended to change the jurisdiction or modify the time for appeals in suits at law or in equity under section 23, we think it clear that some appropriate language would have been used to express that view in the report of the committee, and, as this court pointed out in the language quoted, from Childs v. Ultramares, supra, the Bankruptcy Act is silent with respect to limiting such appeals.

Therefore, though thirty days expired before the appeals were taken in the above actions, they were taken within three months,

the time limited by 28 USCA § 230, and were therefore timely.

The motions to dismiss are denied.

SWAN, Circuit Judge, dissenting in opinion.

SWAN, Circuit Judge (dissenting).

The question presented by these motions is whether a suit by a trustee in bankruptcy, brought in the District Court to avoid a preferential transfer made by the bankrupt prior to the institution of the bankruptcy proceeding, is a "controversy arising in bankruptcy proceedings from a court of bankruptcy" within the meaning of section 24a of the Bankruptcy Act, 11 USCA § 47 (a). If it is, section 24c, which was added by the amendment of 1926 (44 Stat. 644, 11 USCA § 47 (c), requires the appeal to be taken within thirty days after judgment or decree. It is a question which seems never to have been previously adjudicated. Consequently an expression of my reasons for differing with the majority opinion may be justified.

Under the Bankruptcy Act of 1867, the courts of bankruptcy were given jurisdiction to hear plenary suits at law or in equity brought by the assignee in bankruptcy against an adverse claimant. 14 Stat. 517; Goodall v. Tuttle, 10 Fed. Cas. page 579, No. 5533 (W. D. Wis.); Sherman v. Bingham, 21 Fed. Cas. page 1270, No. 12762 (C. C. Mass.); Lathrop v. Drake, 91 U. S. 516, 23 L. Ed. 414. The United States Circuit Courts had concurrent jurisdiction over such suits under section 2, clause 3, of that act.

But the jurisdiction of courts of bankruptcy over such suits was severely limited in the 1898 act prior to the amendments of 1903 and 1910. Section 2 of the Act of 1898 (11 USCA § 11) vests the District Courts as courts of bankruptcy "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings * * * (7) [to] cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided." The exception "herein otherwise provided" refers to section 23. Paragraph (a) of section 23, as originally enacted (30 Stat. 552), related only to the Circuit Courts. It invested them with "jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the prop-erty acquired or claimed by the trustees," but limited it to the same extent as though bankruptcy had not intervened and the controversy were between the bankrupt and the adverse claimant. Bush v. Elliott, 202 U. S. 477, 26 S. Ct. 668, 50 L. Ed. 1114; Goodier v. Barnes, 94 F. 798 (C. C. N. Y.). Paragraph (b) of section 23 as originally enacted (30 Stat. 552) read as follows: "b. Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant."

As to plenary suits instituted by the trustee in the bankruptcy court to recover property in the possession of the adverse claimant, it is apparent that this subdivision was intended to limit the jurisdiction which section 2(7), 11 USCA § 11(7), would otherwise have conferred upon courts of bankruptcy "to determine controversies" in relation to the collection of the estates of bankrupts, to suits brought by the trustee with the consent of the defendant. See In re Abraham, 93 F. 767, 774 (C. C. A. 5). Hence, it was held in Bardes v. Hawarden Bank, 178 U. S. 534, 20 S. Ct. 1000, 44 L. Ed. 1175, that, where the defendant had not consented, the court of bankruptcy had no jurisdiction of a suit by a trustee to set aside a fraudulent conveyance. Similarly as to a preference. Perkins v. McCauley, 98 F. 286 (D. C. Calif.). Of course it was implied that with consent such a suit might be brought in the court of bankruptcy; and so it was later held. Philips v. Turner, 114 F. 726 (C. C. A. 5); In re Durham, 114 F. 750 (D. C. Md.); Boonville Nat. Bank v. Blakey, 107 F. 891 (C. C. A. 7). But such consent was seldom given. Therefore, since the District Courts did not have diversity jurisdiction at the time of the enactment of the present bankruptcy statute, the practical effect of section 23b, in the great majority of cases, was to relegate the trustee to the Circuit Court for such a suit if the requisite diversity of citizenship and jurisdictional amount existed, and, if they did not, to the appropriate state court. Inconvenience and delay in the administration of bankrupt estates resulting from this situation led to the enactment of the 1903 and 1910 amendments to sections 23b, 60b, 67e, and 70e, 11 USCA § 46(b), 96(b), 107(e), 110 (e), excepting suits under the last three sections from the consent requirement of 23b and providing for concurrent jurisdic-

tion in the state courts and in the courts of bankruptcy. Thereafter the District Court as a court of bankruptcy was free to exercise jurisdiction over these types of controversies relating to the collection of bankrupt estates, regardless of the defendant's consent, as though section 23b had never been enacted and the jurisdiction were derived directly from section 2(7). Flanders v. Coleman, 250 U. S. 223, 39 S. Ct. 472, 63 L. Ed. 948; Collett v. Adams, 249 U. S. 545, 39 S. Ct. 372, 63 L. Ed. 764.

It remains to determine whether such controversies when heard in a court of bankruptcy fall within section 24a relating to appellate jurisdiction. In Hewit v. Berlin Machine Works, 194 U. S. 296, 300, 24 S. Ct. 690, 691, 48 L. Ed. 986 the court said: "Section 24a relates to controversies arising in bankruptcy proceedings in the exercise by the bankruptcy courts of the jurisdiction vested in them at law and in equity by § 2, to settle the estates of bankrupts, and to determine controversies in relation thereto."

Moreover, it is not clear from whence the appellate jurisdiction of this court over this type of controversy would derive if not from section 24a. Paragraphs (a) and (b) of section 24, as originally enacted (30 Stat. 553) made a distinction between "controversies arising in bankruptcy proceedings from the courts of bankruptcy" and "proceedings of the several inferior courts of bankruptcy." Of the former, appellate review could be had by appeal or writ of error; of the latter, by petition to revise in matter of law. The act itself specified no time limitation for either form of appellate review. The distinction between them was a prolific source of litigation, and the amendment of 1926 modified section 24b (11 USCA § 47(b) by doing away with the petition to revise and substituting therefor an appeal to be allowed in the discretion of the appellate court; it also added paragraph (c) providing that "all appeals under this section" shall be taken within thirty days.

As I understand the view of the majority, it classifies litigation in the bankruptcy courts into (1) proceedings; (2) controversies arising in bankruptcy proceedings; and (3) controversies at law and in equity in plenary suits between trustees and adverse claimants. Appellate review of class 1 is governed by sections 24b and 25, 11 USCA §§ 47(b), 48, of class 2 by 24a, and of class 3 by the general provisions of the Judicial Code (28 USCA § 1 et seq.). The difficulty I find with this classification is that mention of class 3 is found only in section 23a, which originally related only to suits in the Circuit Courts, and, after their abolition in 1911, only to suits in the District Courts as such (jurisdiction depending upon diversity and the amount involved), not to suits in the District Courts as courts of bankruptcy. True, section 23b relates to such suits in the courts of bankruptcy, but it did not itself confer jurisdiction; it merely imposed a condition upon the exercise of their jurisdiction, which condition the amendments removed. According to the majority, "controversies arising in bankruptcy proceedings" include suits to recover preferences or fraudulent conveyances adversely claimed only when the procedure is summary; if the procedure is by plenary suit to recover property in possession of the adverse claimant, then the litigation, though in a court of bankruptcy, falls into class 3. While the precise point has not been decided, it seems to me that the language of numerous cases, hereafter referred to, is against this distinction, as is also the language of section 738 (c) of the Judicial Code (26 USCA § 225 (c), which reads as follows: "(c) The circuit courts of appeals shall also have an appellate and supervisory jurisdiction under sections 47 and 48 of Title 11, over all proceedings, controversies, and cases had or brought in the district courts under Title 11, relating to bankruptcy, or any of its amendments, and shall exercise the same in the manner prescribed in those sections."

The authorities do not, in my opinion, justify making the distinction between plenary suits and summary proceedings the basis of determining whether or not section 24 (a) provides appellate review for "controversies arising in bankruptcy proceedings from the courts of bankruptcy." See Clements v. Conyers, 31 F.(2d) 563 (C. C. A. 7); Jones v. Blair, 242 F. 783 (C. C. A. 4); Whitney v. Wenman, 198 U. S. 539, 25 S. Ct. 778, 49 L. Ed. 1157; In re Rockford Produce Co., 275 F. 811 (C. C. A. 7). In Swift & Co. v. Hoover, 242 U. S. 107, at page 109, 37 S. Ct. 56, 57, 61 L. Ed. 175, it is stated that controversies arising in bankruptcy proceedings embrace litigation that is "usually plenary in character." And in Weidhorn v. Levy, 253 U. S. 268, at page 269, 40 S. Ct. 534, 535, 64 L. Ed. 898, the court said: "It is assigned for error that the Circuit Court of Appeals ought not to have entertained the petition to revise under section 24b (Comp. St. § 9608); the contention

being that since the decree complained of was made in a plenary suit the exclusive remedy was by appeal under section 24a. Had the District Court sustained the jurisdiction and passed upon the merits the point would be well taken, as the court thereby would have determined a 'controversy arising in bankruptcy proceedings.' Hewit v. Berlin Machine Works, 194 U. S. 296, 300, 24 S. Ct. 690, 691 (48 L. Ed. 986). But since the decision turned upon a mere question of law as to whether the referee had authority to hear and determine the controversy—in effect a question of procedure—it properly was reviewable by petition to revise under section 24b."

Moreover, ratio decidendi and dicta in many circuits and in the Supreme Court support the view that, when the suit is in a court of bankruptcy, the "controversies" referred to in section 23 and in section 24a are the same. In re Friend, 134 F. 778, 779–780 (C. C. A. 7); Liddon & Bro. v. Smith, 135 F. 43, 45 (C. C. A. 5); Thompson v. Mauzy, 174 F. 611, 614 (C. C. A. 4); In re Breyer Printing Co., 216 F. 878, 880 (C. C. A. 7); Jones v. Blair, 242 F. 783 (C. C. A. 4); Denver First Nat. Bank v. Klug, 186 U. S. 202, 205, 22 S. Ct. 899, 46 L. Ed. 1127; Holden v. Stratton, 191 U. S. 115, 118, 119, 24 S. Ct. 45, 48 L. Ed. 116; Taylor v. Voss, 271 U. S. 176, 180, 46 S. Ct. 461, 70 L. Ed. 889; Weidhorn v. Levy, 253 U. S. 268, 271, 40 S. Ct. 534, 64 L. Ed. 898. The Eighth circuit alone has taken the contrary view. See In re Jacobs, 99 F. 539, 542 (C. C. A. 8); Thomas v. Woods, 173 F. 585, 588, 26 L. R. A. (N. S.) 1180, 19 Ann. Cas. 1080 (C. C. A. 8); In re Rathman, 183 F. 913, 918 (C. C. A. 8).

For the purpose of determining whether an appeal under section 24a or a petition to revise under section 24b was the proper mode of review, several courts have expressly held that such a suit as that involved here presents a controversy arising in bankruptcy proceedings from a court of bankruptcy. Barnes v. Pampel, 192 F. 525 (C. C. A. 6); Kirkpatrick v. Harnesberger, 199 F. 886 (C. C. A. 5). And see Delta Nat. Bank v. Easterbrook, 133 F. 521 (C. C. A. 5); Childs v. Ultramares Corp., 40 F.(2d) 474, 476 (C. C. A. 2). That a preference suit in a bankruptcy court is such a controversy, under section 24a, and that therefore section 24c limits the time to appeal from a decree rendered therein, is also the opinion of an eminent text-writer on bankruptcy. Remington, § 3849½.

In my opinion the statute requires us to grant the motion to dismiss.