## Case No. 9,149.

### Ex parte MARTIN et al.

[5 Law Rep. 158; 1 Pa. Law J. 188.]

Circuit Court, D. Massachusetts. 1842.

INJUNCTION—SUITS AGAINST BANKRUPT—EQUITY—
JURISDICTION—BANKRUPT ACT.

1. The equity jurisdiction of the district courts of the United States, under the bankrupt act [5 Stat. 440], is not confined to cases, originally arising and pending in the particular court where the relief is sought.

[Quoted in Goodall v. Tuttle. Case No. 5,533. Criticised in Shearman v. Bingham, Id. 12,-733.]

2. Where a creditor, living in Massachusetts, commenced suits in Massachusetts, New Hampshire and Kentucky, against a party proceeded against as a bankrupt in Pennsylvania, which suits would deeply affect the property of the supposed bankrupt, if he should be declared a bankrupt; it was *held*, that an injunction ought to issue against the creditor, enjoining him from proceeding in any of the said suits.

This was a case in bankruptcy, adjourned into the circuit court from the district court of Massachusetts, and arose on a petition from James Martin, Jacob M. Thomas, John Thomas, and Samuel E. Stokes, merchants and partners, under the firm of Thomas and Martin; and William Stevens and William C. Claghorn, merchants and partners, under the firm of Stevens and Claghorn, of Philadelphia. The petition set forth, that James B. Danforth, of Philadelphia, merchant, was indebted to the petitioners in a sum of money exceeding five hundred dollars, and was owing debts to the amount of not less than two thousand dollars; that the petitioners, on the 26th day of May, 1842, filed in the district court of the United States, for the Eastern district of Pennsylvania, their petition, praying that the said Danforth might be declared bankrupt, pursuant to the act of congress, and it was thereupon ordered, that the hearing upon said petition should be had before the said court, on the 24th day of June, current. That Samuel S. Lewis, of Boston, had commenced against said Danforth divers suits before competent tribunals, namely, one in the state of Massachusetts, one in New Hampshire, one in Kentucky, and was prosecuting the same to final judgment; in which said suits certain real and personal estate of the said Danforth had been attached. Wherefore the petitioners prayed, that the said Lewis might be enjoined from proceeding in said suits; and for general relief.

The district judge, upon the hearing, ordered the following question to be adjourned into the circuit court for a final determination, to wit: "Whether, upon the facts set forth in the said petition, an injunction can and ought to be granted as prayed for; or whether any, and what other relief, can, and ought to be granted to the petitioners."

The cause was submitted by A. H. Fiske, for petitioners. No counsel appeared on the other side.

STORY, Circuit Justice. This case is not unattended with doubt and difficulty; but, on the whole, I have come to the conclusion, that it must be governed by the decision of this court in Ex parte Foster [Case No. 4,960]. The ground of the doubt and difficulty is, whether the district courts of the United States have, under the bankrupt act of 1841 (chapter 9), any jurisdiction in equity, except in cases originally arising, and pending in the particular court. The language of the sixth section of the act is: "That the district court in every district shall have jurisdiction in all matters and proceedings in bankruptcy arising under the act," the said jurisdiction to be exercised summarily, in the nature of summary proceedings in equity. The act then goes on to enumerate certain specific cases and controversies, to what the jurisdiction extends, (which I deem merely affirmative, and not restrictive of the preceding clause;) and then it extends the jurisdiction "to all acts, matters and things to be done under, and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings in bankruptcy." Now, this language is exceedingly broad and general; and it is not in terms, or by fair implication, necessarily confined to cases of bankruptcy originally instituted, and pending in the particular district court, where the relief is sought. On the contrary, it is not unnatural to presume, that as cases, originally instituted and pending in one district, may apply to reach persons and property situate in other districts, and require auxiliary proceedings therein to perfect and accomplish the objects of the act, the intention of congress was, that the district courts in every district should be mutually auxiliary to each other for such purposes and proceedings. The language of the act is sufficiently comprehensive to cover such cases; and I can perceive no solid ground of objection to such an interpretation of it. Here, is the case of a creditor, living in Massachusetts, and commencing suits in Massachusetts, New Hampshire, and Kentucky, against the party, proceeded against as a bankrupt, who lives in Pennsylvania, which suits deeply affect the property of the supposed bankrupt, and, if he shall be declared a bankrupt, which also deeply affect the rights and interests of all the other creditors. If the bankrupt proceedings go on, and the party is declared a bankrupt, and an assignee is appointed, the same consequences must arise, as in the case of Ex parte Foster [supra], and the same rights would attach in favor of the assignee, and the bankrupt, and the creditors, as were held to attach in that case. If the district court of Massachusetts has no jurisdiction to grant relief in the present case, it is clear, that no other court can grant it, at least no other court, sitting as a court of bankruptcy. No state court could entertain the suit; for the

act confers no power or jurisdiction on any state court; and the district court for the district of Pennsylvania is bounded, as to its direct jurisdiction over persons and property, to such only as are within its territorial limits. It is possible, indeed, that the circuit court of the United States might possess equitable jurisdiction over the case in virtue of its general equity jurisdiction between citizens of different states, if the bankrupt should commence a suit here, or if the assignee should be a citizen of Pennsylvania, and should commence a suit here. But this would be a very circuitous remedy, if it be maintainable; and would hardly meet the practical exigencies of cases, like the present. On the contrary, if, as has been suggested, we give a broad interpretation to the words, then the whole objects of the bankrupt act will be promptly and effectually obtained, through the mere instrumentality of the district courts in each district, acting, as it were, sub mutual vicissitudinis obtentu, in aid of each other.

For these reasons, I am of opinion, that the adjourned question, as to the right of the district court to issue an injunction in the present case ought to be answered in the affirmative; and that a certificate ought to be sent accordingly from this court to the district court, in the terms of the certificate in Ex parte Foster, mutatis mutandis.

It may be proper to add, that the injunction ought to apply, as well to the suits in New Hampshire and Kentucky, as to that in Massachusetts, since the creditor is resident in this district, and the injunction acts in personam. The doctrine is now perfectly well settled in equity, that an injunction will lie against a party within the jurisdiction of the court to stay proceedings in any foreign courts. See 2 Story, Eq. Jur. §§ 899, 900, and cases cited in the notes.