## Case No. 7,330.

JOBBINS v. MONTAGUE et al.

[6 N. B. R. 509.] [1]

District Court, D. New Jersey. 1872.

[1] [Reprinted by permission.]

NIXON, District Judge (after stating the facts as above). The case is now before me on the application of the defendant to dissolve the injunction, and his counsel has raised the question of jurisdiction, denying to this court the power in a suit brought by an assignee in bankruptcy, of restraining the defendant from prosecuting his suit in a state court when the bankruptcy proceedings are pending in another district court. If it were a question only affecting the forms of proceeding, I might be inclined to hold that the defendant, by appearance and answer, had waived it, but as it is one of jurisdiction, no voluntary act of the

defendant can give such jurisdiction, and it is never too late at any stage of the cause to consider it. It is a question of great practical importance in the administration of bankrupts' estates, and can only be decided by ascertaining and interpreting the powers vested in the district courts as courts of bankruptcy under the bankrupt act. The first section constitutes the several district courts of the United States, courts of bankruptcy, and original jurisdiction is given to them in their respective districts in all matters and proceedings in bankruptcy, and they are authorised to hear and adjudicate upon the same according to the provisions of the bankrupt act. This general grant of jurisdiction is followed by a special grant in the subsequent part of the section, extending such jurisdiction to all cases and controversies arising between the bankrupt and any creditor claiming a debt or demand under the bankruptcy; to the collection of the assets of the bankrupt; to the ascertainment and liquidation of liens and other specific claims; to the adjustment of priorities; to the marshaling and disposition of the different funds; and to all acts, matters and things to be done under and in virtue of the bankruptcy, until the final disposition and settlement of the estate and the close of the proceedings in bankruptcy. The second section grants to the several circuit courts of the United States, "within and for the districts where the proceedings in bankruptcy shall be pending," a general superintendence and jurisdiction of all cases and questions arising under the act; and also concurrent jurisdiction with the district courts of "the same district" of all suits at law or in equity, which may be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property or rights of property of said bankrupt, transferable to or vested in such assignee. These powers were deemed necessary, in order to a harmonious and efficient administration of the law, and to a satisfactory settlement of the various questions constantly arising in bankruptcy proceedings; but in defining their limits and extent we must not forget that the bankruptcy court is the special creature of statutory law, and that all of its jurisdiction is derived from the act which creates it.

In considering the powers vested in the courts of bankruptcy by the act, two inquiries at once arise. 1. Whether the jurisdiction of the district courts, as courts of bankruptcy, extends territorially beyond their respective districts? 2. Whether the powers conferred may be exercised by any other court than the one in which the bankruptcy proceeding shall be pending?

It is not necessary or proper to answer the first question here and in this case. If the assignee had brought the suit in the district court of the United States, for the Southern district of New York, where the proceedings in bankruptcy are pending, it would have arisen there, and probably that court would have been obliged to examine and settle it. See Jobbins v. Montague [Case No. 7,329]. But I am concerned with the answer to the second inquiry, and that I shall proceed to consider.

Bearing in mind that courts of bankruptcy are mere creatures of the statute, and derive all their life and vigor from it; let it be observed that the original jurisdiction conferred upon them, in the first section of the act, in all matters and proceedings in bankruptcy is expressly subject to two limitations. In the first place such jurisdiction is only given "in their respective districts"; and secondly, they are authorised to hear and adjudicate only upon such matters and proceedings "according to the provisions of the act." What do these limitations mean? When the jurisdiction over bankruptcy matters and proceedings is conferred upon them "in their respective districts," is it not a fair legal inference that it was meant to be withheld outside of these districts? Why was such phrase inserted if such was not the intention of the law making power? And when they are authorised to hear and adjudicate upon all matters and proceedings in bankruptcy, "according to the provisions of the act," are we not, by such a clause, directed to the eleventh section, which requires every petition in bankruptcy to be filed in the district in which the debtor has resided or carried on business for the six months next immediately preceding the time of filing such petition, or for the longest period during such six months? Is not the question of residence a jurisdictional fact? If, therefore, authority is given in the first section to hear and adjudicate upon all matters and proceedings in bankruptcy, "according to the provisions of the act," and if the eleventh section limits the adjudication to the district of the debtor's residence, whence does another bankrupt court in another district derive its authority to hear and adjudicate upon such matters and proceedings? This interpretation of the first section I think is illustrated and confirmed by the phraseology of the second section. The primary design of the second section is to give jurisdiction over bankruptcy matters and proceedings to the circuit court. It confers upon that court a general superintendence and jurisdiction of all cases and questions arising under the bankrupt act, "within and for the districts where the proceedings in bankruptcy shall be pending;" but nowhere else. It also vests in the circuit courts a concurrent jurisdiction with the district courts of the same district of all suits at law or in equity, between the assignee in bankruptcy and any person claiming an adverse interest. It is clear from the language used that the circuit courts

have no general superintendence and jurisdiction over cases and questions arising under the bankrupt act, outside of the district where the proceedings in bankruptcy are pending. If it was the design of the law to authorise suits in such other districts between the assignee in bankruptcy and persons claiming an adverse interest in the estate, why were such cases, and only such, excluded from the general superintendence and jurisdiction of the circuit courts?

This is not a case of first impression, and I am sustained by respectable authority for such a limitation of the powers of the bankrupt courts.

Mr. Bump, in his valuable treatise on the Law and Practice of Bankruptcy (chapter 12), speaking of the jurisdiction of the court, says, "Their jurisdiction over the subject matter only attaches when the cause of action arises from a proceeding in bankruptcy pending before them, and each court only has jurisdiction of those matters that spring out of a case in bankruptcy pending before it. If such case is pending in another court, they have no jurisdiction over such matters by virtue of the bankrupt act. The only powers that can be exercised by district courts in such cases, are those which are conferred upon them by other statutes. These principles have been steadily conformed to in practice. Nothing is more common than to find an assignee bringing a suit in a court of bankruptcy against a party who lives in the same district with himself. No case, however, has yet been reported where he has brought a suit beyond the limits of his own judicial district." Page 177.

Blatchford, J., in Re Richardson [Case No. 11,774], held, that the act conferred no power upon the district court of the United States for the Southern district of New York, as a court of bankruptcy, to grant an injunction to stay proceedings upon suits in the New York state courts against the bankrupts, upon their petition, it appearing that the petitioners had been adjudged bankrupts by the district court of the United States, for the district of Louisiana. If the law gave them any remedy in such a case, it was either upon application to the court where the proceedings in bankruptcy were pending, or possibly by a proper form of suit in the circuit court, under the general equity powers which that court exercises independently of the bankrupt act. The reasoning of Dillon, J., in the case of Markson v. Heaney [Id. 9,098], leads to the same result. There a bill was filed in the circuit court of the United States for the district of Minnesota, by an assignee in bankruptcy, against a person claiming an adverse interest, to set aside a mortgage as fraudulent in fact and under the bankrupt law, the mortgaged premises being in the state of Indiana, the mortgagee residing in Minnesota, and the proceedings in bankruptcy pending in the district court of Kansas. The court refused the injunction asked for, holding that in such a case the circuit court of Minnesota had no bankruptcy jurisdiction, because the bankruptcy proceedings were pending in another district.

The precise question now before me arose in the district court of the United States for the district of Massachusetts, in the case of Shearman v. Bingham [Case No. 12,733]. That was an action of assumpsit. brought by assignees to recover money alleged to have been paid by the bankrupts to the defendants by way of preference. The proceedings in bankruptcy were pending in the district court of Rhode Island, and suit was commenced by the assignees in the district court of Massachusetts. Upon a plea to the jurisdiction, and after argument and consideration, Lowell, J., held that the district court of Massachusetts, as a bankruptcy court, had no jurisdiction in that case, or in any case where the proceedings in bankruptcy had begun and were pending in another district.

Thus, the construction of the bankrupt act and the authority of adjudged cases, constrain me in the present case to dissolve the injunction and dismiss the bill for want of jurisdiction. I should be glad to have reached a different result, for I can readily see that the denial to the bankruptcy courts of the jurisdiction here claimed impairs their efficiency, and may lead to difficulty and embarrassment in the administration of bankrupt's estates. This argument, however, is rather to be addressed to the congress on an application to enlarge their jurisdiction, than to the courts to induce the exercise of doubtful powers. If my view of the extent and scope of the authority conferred upon the courts is too narrow, the complainant has his remedy by appeal, and I shall not regret, but rather rejoice, if the superior courts can see their way clear to give a wider and less literal construction to the provisions of the act.