DENVER FIRST NATIONAL BANK *v.* KLUG.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE
DISTRICT OF COLORADO.

No. 599. Submitted May 5, 1902.—Decided June 2, 1902.

It having been found in the District Court that a person proceeded against in involuntary bankruptcy was "engaged chiefly in farming," and the petition having been dismissed accordingly, *held,* That no appeal lies to this court from that decree.

*Mr. Charles J. Greene* and *Mr. R. W. Breckenridge* for appellants.

*Mr. John F. Shafroth* for appellees.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The bankrupt act, act of July 1, 1898, c. 541, 30 Stat. 544, provides: "Any natural person, except a wage earner or a per-

son engaged chiefly in farming or the tillage of the soil, any unincorporated company, and any corporation engaged principally in manufacturing, trading, printing, publishing, or mercantile pursuits, owing debts to the amount of one thousand dollars or over, may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this act." § 4 *b.*

In this proceeding by petition in involuntary bankruptcy filed against John P. Klug, a trial before a jury was had on the issue whether Klug was "engaged chiefly in farming," within the meaning of the act. The District Court, upon the evidence, directed the jury to find that Klug was a farmer and engaged chiefly in farming, within the meaning of the act, and, the jury having found accordingly, entered judgment dismissing the petition with costs. Petitioners prayed an appeal directly to this court, which was allowed, and the District Court thereupon made and filed its findings of fact and conclusions of law in pursuance of the third subdivision of General Order in Bankruptcy, XXXVI.

Section 24 of the bankrupt act provides:

" *a.* The Supreme Court of the United States, the Circuit Courts of Appeals of the United States, and the Supreme Courts of the Territories, in vacation in chambers and during their respective terms, as now or as they may be hereafter held, are hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases. The Supreme Court of the United States shall exercise a like jurisdiction from courts of bankruptcy not within any organized circuit of the United States and from the Supreme Court of the District of Columbia.

" *b.* The several Circuit Courts of Appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved." :

Our jurisdiction of this appeal depends on the act of March 3,

1891, by the fifth section of which an appeal or writ of error from or to the Circuit or District Courts will lie directly "in any case where the jurisdiction of the court is in issue," and in such cases "the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision." In this case there is no such certificate, and, moreover, the District Court had and exercised jurisdiction. The conclusion was, it is true, that Klug could not be adjudged a bankrupt, but the court had jurisdiction to so determine, and its jurisdiction over the subject-matter was not and could not be questioned. *Mueller* v. *Nugent*, 184 U. S. 15; *Louisville Trust Company* v. *Comingor*, 184 U. S. 25; *Smith* v. *McKay*, 161 U. S. 355.

It is not contended that the case falls within either of the other classes of cases mentioned in section five.

Section 25 provides:

"*a.* That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals of the United States, and to the Supreme Court of the Territories, in the following cases, to wit, (1) from a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over. Such appeal shall be taken within ten days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be.

"*b.* From any final decision of a Court of Appeals, allowing or rejecting a claim under this act, an appeal may be had under such rules and within such time as may be prescribed by the Supreme Court of the United States, in the following cases and no other:

"1. Where the amount in controversy exceeds the sum of two thousand dollars, and the question involved is one which might have been taken on appeal or writ of error from the highest court of a State to the Supreme Court of the United States; or

"2. Where some justice of the Supreme Court of the United States shall certify that, in his opinion, the determination of

the question or questions involved in the allowance or rejection of such claim is essential to a uniform construction of this act throughout the United States."

This appeal does not come within those provisions.

Subdivision *d* of the same section is: " Controversies may be certified to the Supreme Court of the United States from other courts of the United States, and the former court may exercise jurisdiction thereof and issue writs of certiorari pursuant to the provisions of the United States laws now in force or such as may be hereafter enacted."

The words " bankruptcy proceedings " are used in this section in contradistinction to controversies arising out of the settlement of the estates of bankrupts, as they are also so used in sections 23 and 24. The certification referred to is that provided for in sections 5 and 6 of the act of March 3, 1891, and this case in that particular does not fall within those sections.

Apart from section 25, the Circuit Courts of Appeals have jurisdiction on petition to superintend and revise any matter of law in bankruptcy proceedings and also jurisdiction of controversies over which they would have appellate jurisdiction in other cases. The decisions of those courts might be reviewed here on certiorari, or in certain cases by appeal, under section 6 of the act of 1891. *Mueller* v. *Nugent,* 184 U. S. 1; *Huntington* v. *Saunders,* 163 U. S. 319; *Aztec Mining Company* v. *Ripley,* 151 U. S. 79, 81.

But the question before us is whether this appeal was properly brought, and we do not think it was.

*Appeal dismissed.*