## In re COOK et al.[*]

### FAHEY et al. v. COOK et al.
### No. 6589.

Circuit Court of Appeals, Seventh Circuit.
Dec. 30, 1938.

Harry J. Myerson, of Chicago, Ill. (Charles R. Aiken, of Chicago, Ill., of counsel), for appellants.

Meyer Abrams, of Chicago, Ill., for appellee Emma Dvinsky.

William M. Klein, Samuel E. Hirsch, L. C. Jasseph, and Julian H. Levi, all of Chicago, Ill., for appellees Wm. C. Cook et al.

Ralph R. Hawxhurst and Bernard Hoban, both of Chicago, Ill., for appellee Ralph Hubbart, trustee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

This appeal presents the question of the jurisdiction of the court over reorganization proceedings instituted by the members of a bondholders' protective committee against whom an action had been brought in a state court for the appointment of a receiver to operate the property of the alleged debtor, and for an accounting. Appellants are the receiver appointed by the state court, and a group of persons holding less than 5% of the certificates of deposit "protected" by the committee, who had instituted the state court proceedings and who sought and were denied leave to intervene in the proceedings under section 77B, Bankr. Act, 11 U.S.C.A. § 207, to controvert the allegations of appellees' petition. The District Court approved the petition as properly filed, and in good faith, and refused to permit appellants to be heard in contravention of its allegations, or to file their petition to dismiss the petition and for other relief. The court also refused to allow appellants an appeal from its rulings. We allowed the appeal for the reason that it appeared from the facts presented by the petition for appeal that a jurisdictional question was involved as to whether or not the alleged debtor was an entity capable of or entitled to reorganization under section 77B, and that there was a substantial question as to whether or not the parties seeking to participate in the proceedings were entitled to do so.

At the outset we are confronted with a controversy between the parties as to the scope of the appeal. Appellants state in their brief: "This is an appeal from orders of the District Court approving the voluntary petition for corporate reorganization of * * * (appellees), appointing a trustee, and denying appellants' petition to dismiss the proceedings as a fraud upon the court and for lack of jurisdiction and good faith, and to restore possession of the property wrongfully taken from the State Court receiver." Appellants filed their petition for appeal in this court on February 28, 1938, from "the order of February 15, 1938, and all prior orders." In view of the situation set forth in the petition, we considered it permissible to allow the appeal as prayed, and it was therefore the intention of the court to grant the appeal from all orders entered by the District Court within the period of thirty days prior to the petition for appeal in order to enable this court to review the question of the right of appellants to participate in the proceedings as to all orders of which they complained, as well as to determine the validity of those orders. Although the assignments of error do not specify the orders complained of by date of entry, they refer to those by which appellants describe their appeal, and we consider the appeal as to them, with the exception of the order appointing a permanent trustee which was entered February 21, and of course is not included in the appeal "from the order of February 15, and all prior orders."

The proceedings here involved were instituted on January 25, 1938, by the filing of a voluntary petition for reorganization under section 77B of the Bankruptcy Act. The petition was filed by appellees Cook, McClellan, and Knutson who described themselves as "Trustees under Bondholders Protective Agreement dated September 21, 1928, relating to West Pines Apartments, a corporation, * * * and Debtor * * *." They alleged that the debtor was a business conducted by trustees wherein beneficial interest and ownership was evidenced by written instruments, and having its principal place of business at an office address in Chicago, and its principal assets in the city of Joliet, Illinois, and that a great number of its creditors were located in Chicago; that the debtor was organized in September 1928, by an agreement between the

committee and the owners of $198,500 of $200,000 bonds issued by Mary L. Walker, according to which agreement the owners deposited their bonds and received therefor certificates of deposit constituting written instruments by which beneficial interest and ownership of the debtor were evidenced.

The petition further recited that thereafter a foreclosure proceeding was filed by the indenture trustee, and upon sale, the debtor bid in the property for the sum of $237,864, applying in payment thereof, the deposited bonds, plus $39,364 in cash; that on June 14, 1930, upon expiration of the period of redemption, the debtor had the master's deed to the premises issued and delivered to a trust officer of the indenture trustee and later to the trustee itself which had continued to hold the title in trust subject to the direction and control of the committee as beneficiaries; that a Chicago real estate firm took over the management of the premises and operated the building until the appointment of appellant Fahey as receiver by the state court on November 8, 1937, in the proceedings instituted by appellants Koehler and others; that in order to obtain sufficient funds to discharge debtor's indebtedness of $64,069 and purchase certificates of deposit in the face amount of $38,000 both of which the debtor had an option to do for the sum of $33,500, the debtor borrowed $38,000 from the Investors Syndicate of Minneapolis, giving its note therefor dated June 20, 1935, payable in installments of $964.82 quarterly on principal and interest from September 20, 1935, to June 20, 1950; that payment was duly made until the installment due December 20, 1937, upon which the debtor was forced to default for the reason that possession of its property was then in the hands of the state court receiver who refused to pay although there were funds on hand with which to make payment, hence the debtor was in danger of the acceleration of the entire principal of the note and foreclosure of the trust deed.

In addition to this indebtedness of the debtor, the petition recited (without specifying any amount) that it was indebted to the trustees as individuals for fees for services rendered under the deposit agreement, and for expenses and attorneys' fees incurred by them as trustees, which they as debtor were unable to discharge; that one Mains, an attorney, had, on June 4, 1930, filed an action in the state court praying foreclosure of an alleged attorney's lien on the debtor's property, and that action was still pending, as was an action filed by Mrs. Walker in August, 1938, relating to the property and based upon issues alleged to have been disposed of by prior proceedings.

Relying on its inability to discharge the debts set forth above, and the fact of the pending state court litigation, the debtor prayed that the federal court assume jurisdiction over itself and its property, either restoring it to possession or appointing a trustee to operate it. It also prayed that appellants Koehler and others, Mains, and Mrs. Walker be restrained from proceeding further with the various causes instituted by themselves in the state court. Preliminary injunction issued and the matter was set for hearing on January 28, 1938. Appellant Koehler, the owner of a certificate of deposit of one $500 bond, filed answer denying that she and her attorneys were attempting to take any action that would impair the assets of the West Pines Apartments, but stating on the contrary that their action was to prevent Cook and McClellan from interfering with proceedings affecting the $38,000 mortgage placed upon the property by Cook without the knowledge or consent of any of the bondholders, and that when Cook learned that he might be held personally liable for the debt, appellant and her attorneys were informed that he contemplated taking action to compel the recognition of the mortgage.

Upon hearing of the petition on January 28, appellants' objections to its approval were overruled on the ground that the objectors were not creditors, and they did not constitute five per cent of the stockholders, hence their objections were not entitled to any consideration. The court thereupon ruled that it appeared to its satisfaction that the petition complied in all respects with section 77B and had been filed in good faith, hence approved it as properly filed and entered an injunctional order to prevent continuation of any proceedings then pending in the state court or institution of any other ones. On the same day it appointed a temporary trustee whom it authorized and instructed to take possession of all property of the debtor, and, by the same order, it directed the debtor and the state court receiver to deliver into the trustee's possession all property of the debtor. The trustee then filed bond which was approved by the court and he entered into possession. After he had done so, appellants filed a petition asking that he be order-

ed to refrain from so doing. Upon hearing, on January 31, the court denied the petition on a finding that there had been a dispute between the parties as to the competence, dependability and reliability of the receiver appointed by the state court; that the trustee had filed bond and entered into possession of the debtor's property, and that to restore the debtor or the receiver to possession would confuse the operations of the premises and tend to encourage tenants to refuse to pay rent to anyone.

On January 28, appellants Koehler and others sought and were denied leave to file what they called an answer of creditors to the petition. On February 15, the state court receiver joined by the other appellants sought and was also denied leave to file a petition praying that the turn-over order be vacated and the temporary trustee be directed to return the property to him; that all orders interfering with the jurisdiction of the state court be vacated; and that the petition be dismissed for lack of good faith and want of jurisdiction. He attached to his petition a copy of the bill of complaint in the state court and a copy of an order entered by that court directing him to appear in the District Court and ask this relief.

The state court order, inter alia, recited that the Chicago Title and Trust Company was the title holder of the property as the result of a sale made by appellees as the committee, and that the title was thus placed without the knowledge or consent of any of the bondholders; that the premises belonged to the plaintiffs in that action and all other bondholders similarly situated; that the property had been placed under the management of first one Chicago agency which received for its services five per cent of the gross income, and then a second Chicago agency which received four per cent of the gross income, and that neither firm performed the services required, both hiring a resident manager, as a result of which the administrative expenses were excessive; that the court had therefore appointed a receiver for the property and directed him to take over its operation upon the filing of a $10,000 bond; that on November 26, the same court ordered appellees to file their final account within sixty days, extending the time to February 5, on petition of appellees.

Appellants further stated that on January 11, 1938, the same court enjoined the holder of the $38,000 mortgage from attempting to impress any lien upon the property until further order, and directed the receiver to employ a public accountant to examine the books of the property, and that they had brought their suit in behalf of all bondholders because of the gross negligence and misfeasance of appellees. The bankruptcy court held that none of the petitioners were proper parties to the proceedings, hence refused them an appeal from his rulings.

Section 77B, 11 U.S.C.A. § 207 provides:

"Any corporation which could become a bankrupt under section 4 of this Act [section 22 of this title] * * * may file an original petition * * * stating the requisite jurisdictional facts under this section; the nature of the business of the debtor; in brief description, the assets, liabilities, capital stock, and financial condition of the debtor; if a prior proceeding is pending, the name of the court in which it is pending and the nature of such proceeding; facts showing the need for relief under this section; and that the corporation is insolvent or unable to meet its debts as they mature and that it desires to effect a plan of reorganization. The petition shall be filed with the court in whose territorial jurisdiction the corporation, during the preceding six months or the greater portion thereof, has had its principal place of business or its principal assets, or in any territorial jurisdiction in the State in which it was incorporated. * * * Upon the filing of such petition * * * the judge shall enter an order either approving it as properly filed under this section if satisfied that such petition * * * complies with this section and has been filed in good faith, or dismissing it. * * *"

According to section 1(6), as amended by Act May 27, 1926, 44 Stat. 662, "'corporation' shall include all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships and shall include * * * any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument. * * *"

■■ It is of course fundamental that the petition for, reorganization under section 77B, like any other petition in bankruptcy, must contain the necessary jurisdictional averments. The presentation of a petition which, on its face, contains all the necessary averments, confers upon the court jurisdiction to determine those facts. See Denver

First National Bank v. Klug, 186 U.S. 202, 22 S.Ct. 899, 46 L.Ed. 1127. Under the provisions of section 77B(a), 11 U.S.C.A. § 207(a) they may be controverted only by three or more creditors having claims of $1,000 or over, in excess of the value of securities held by them, or by stockholders holding five per cent of all shares of any class of stock of the debtor. Applying these principles to the case at bar, we are of the opinion that the petition for reorganization set up sufficient facts to indicate that the petitioning debtor did constitute an entity capable of reorganization under section 77B, and that it was in need of relief. Certainly we cannot say as a matter of law that an entity such as was described by the petition, having the debts therein set out, and subject to the various state court proceedings set forth was not in need of and entitled to relief under section 77B.

■ Under section 77B(c), 11 U.S.C.A. § 207(c) *any* stockholder has an absolute right to be heard only on the question of the permanent appointment of a trustee and the proposed confirmation of a plan. It seems clear that the standing of appellants Koehler and others was that of stockholders rather than creditors. Since they held less than five per cent of the certificates of deposit which gave rise to the beneficial interest or ownership of the debtor, they were not absolutely entitled to be heard. The status of the receiver is somewhat more difficult, but we are convinced that he did not occupy the position of adverse claimant, as he contended, and was not entitled as a matter of right to be heard to controvert the allegations of the petition. In the interests of comity, it seems advisable for the court of bankruptcy assuming jurisdiction over property which has been under the jurisdiction of another court to direct its trustee to seek leave of that court to take over the property, and to obtain an order of surrender. Nevertheless, such procedure is not essential. Gross v. Irving Trust Co., 289 U.S. 342, 53 S.Ct. 605, 77 L.Ed. 1243, 90 A.L.R. 1215; In re 188 West Randolph St. Bldg. Corp., 7 Cir., 88 F.2d 257; In re Greyling Realty Corp., 2 Cir., 74 F.2d 734. The chancery receiver has no standing to intervene, hence denial of leave to intervene is not error. In re Bankshares Corp., 2 Cir., 50 F.2d 94.

Appellants contend that the situation here is analogous to that presented by the case, Zeitinger v. Hargadine-McKittrick Dry Goods Co., 244 F. 719, where the Circuit Court of Appeals for the Eighth Circuit held erroneous an adjudication in bankruptcy obtained on voluntary petition filed by the board of directors of a corporation some of whose stockholders had instituted a proceeding in a state court to recover in behalf of the corporation for alleged loss and waste occasioned by the mismanagement of the board of directors. After the state court had entered a decree in the cause, appointed a receiver and indicated by findings of fact and conclusions of law that losses amounting to millions of dollars had occurred for which the directors were held accountable and liable, those directors filed the petition in bankruptcy. The appellate court held such action fraudulent and reversed a decree of the District Court adjudicating the corporation a bankrupt and refusing stockholders leave to file an intervening petition.

We are of opinion, however, that the case at bar is more similar to that of In re Marine Transit Corp., 79 F.2d 232, where the Circuit Court of Appeals for the Second Circuit held that since no decision on the merits had been rendered by the state court prior to the filing of the petition in bankruptcy by a board of directors against whom a similar fraud proceeding was pending, there was nothing improper in their filing a petition in behalf of the corporation, and that the bankruptcy proceeding merely substituted for state court control, the control of the federal court over subject-matter concerning which its jurisdiction was paramount and exclusive.

■ We think the same may be said of the case before us. Certainly it is the duty of the trustee to press the claim against appellees, if any, arising out of the alleged mismanagement of the debtor's property during the seven-year period it was under their direction and control. The petition filed by appellees showed the need of reorganization for the owners of the beneficial interest in whose behalf appellees purported to act. If the trustee can establish that those owners are also in need of relief from the misconduct of their protective committee, such relief should be a part of the plan.

We therefore conclude that under the facts presented by these appellants there was no error on the part of the District Court in denying them leave to controvert the allegations of the petition for reorganization and to file their petition to dismiss the proceeding, and that in the absence of controversy on the part of parties entitled under the statute to participate in the pro-

ceeding for that purpose there was no error in the order approving the petition as properly filed and in good faith.

Orders affirmed.