## In re NATIONAL REPUBLIC CO.

### ARBETMAN v. RECONSTRUCTION FINANCE CORPORATION.

#### Nos. 7018, 7019.

Circuit Court of Appeals, Seventh Circuit.
Jan. 2, 1940.

Meyer Abrams and Harry J. Myerson, both of Chicago, Ill., for appellants.

Lee Walker, M. O. Hoel, and W. S. Allen, all of Chicago, Ill., for appellees.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

These appeals are taken from orders of the District Court vacating an order granting leave to appellants to answer an involuntary petition in bankruptcy, striking their answer, adjudicating the National Republic Company a bankrupt, appointing a receiver for it, restraining appellants from continuing with a proceeding theretofore instituted by one of them in a state court, and taxing the stenographic charges for reporting the proceedings as costs against two appellants.

Appellants Arbetman and Oppenheimer are the owners of ten and twelve shares respectively of a total of 550,000 shares of the stock of the National Bank of the Republic for the benefit of which all the stock of the National Republic Company was held in trust. Appellant Ballis is a receiver appointed by a state court in a proceeding instituted by Arbetman and joined in by Oppenheimer against the National Republic Company and thirty individuals, charging the latter with fraud, misfeasance and malfeasance. Appellee, the Reconstruction Finance Corporation, was the petitioning creditor in the bankruptcy proceeding. Other appellees did not enter appearance or file briefs before this court, hence we shall refer to the Reconstruction Finance Corporation only as appellee.

The Reconstruction Finance Corporation instituted the bankruptcy proceeding on June 5, 1939, by filing an involuntary petition against the National Republic Company, hereafter referred to as the Republic Company or the Company. After the necessary averments as to location and business, it alleged that all the creditors of the Company were less than twelve in number; that appellee was a creditor of the Company having a provable claim against it fixed as to liability and liquidated as to amount, arising out of a judgment for $41,985 rendered in favor of itself in a suit against all the owners of the stock of the Central Republic Trust Company, of which the Company held 419 shares. This judgment remained unsatisfied. It also recited a second claim against the Company arising out of a note for $500,000 signed by the Company and payable to the Central Republic Trust Company, pledged by the latter to appellee but with the understanding, in accordance with an agreement between the Company, the Central Republic Trust Company and the Central-

Illinois Company that the Company was not to be liable for any greater amount on the note than the Central-Illinois Company was able to pay on its note of the same date for a similar amount, and that the latter Company was ready, willing and able to pay $57,306, hence the Company was liable for the same amount to the Central Republic Company which had pledged the note to appellee. The petition recited the commission of an act of bankruptcy in that while the Company was insolvent or unable to pay its debts as they matured, there had been a receiver appointed by a state court in an action instituted by appellants Arbetman and Oppenheimer. The petition therefore prayed the adjudication of the Company as a bankrupt. At the same time, appellee prayed the entry of an order to restrain the three appellants from interfering with appellee or prosecuting it for contempt of the state court for any alleged violation of a certain order of that court in the fraud suit in which Ballis was appointed receiver, which order purported to restrain all creditors of the Company from proceeding with any action affecting the property belonging to the Company until further order of the court.

Thus these appellants were brought into the bankruptcy proceedings by appellee's petition for a restraining order against them. In response they filed what purported to be the joint and several answer of the Republic Company by its receiver, Ballis, and appellants Arbetman and Oppenheimer. This answer was directed to the bankruptcy petition filed by appellee rather than to the petition for a restraining order—in fact, on subsequent argument counsel for appellants conceded that the pendency of the state court proceeding in no way prevented duly qualified creditors from proceeding against the same party in bankruptcy. Appellants, however, denied the right of appellee to the relief sought by it in the bankruptcy court, claiming, in their answer to the petition for the restraining order, that the bankruptcy petition should be dismissed for the following reasons:

1. Appellee's statements that it was a creditor and held a judgment against the alleged bankrupt were absolutely false and untrue. ·

2. The allegation that there were less than 12 creditors was untrue, there being over 100 creditors, some of whose names and addresses· were given on an attached list. (This list contained the names and addresses of a number of persons who were said to hold outstanding travelers' checks, dividend checks, and cashiers' checks of the National Bank of the Republic, payment of which was alleged to have been assumed by the Company, and other dividend, cashiers' and miscellaneous checks of the National City Bank of Chicago, payment of which was alleged to have been assumed by the Company. Nothing was contained in the answer to show upon what ground this alleged assumption was predicated.)

3. The petition was defective for lack of proper verification by· the Reconstruction Finance Corporation.

4. The bankruptcy petition was not filed in good faith, but only for the purpose of divesting the state court of its jurisdiction in the equity suit theretofore filed. Moreover; petitioner itself had prayed the same relief in a similar suit filed in a federal court, asking for the appointment of a receiver, hence petitioner had no right to ground its petition in bankruptcy on the appointment of a receiver.

5. Petitioner has no provable claim upon which to predicate a bankruptcy petition, for the reason that appellants have moved to vacate the judgment entered in the stockholders' liability suit upon which one of the petitioner's claims was predicated, while the other is not liquidated, and moreover, the petitioner is not the legal owner of it, but merely the pledgee.

6. The alleged bankrupt is not insolvent nor unable to meet its debts as they mature.

Appellants were allowed to file this answer which also prayed that appellee's petition in bankruptcy be dismissed and that the relief asked by appellee in its petition for a restraining order should be denied. They also prayed that this answer stand as their joint and several answer to controvert the jurisdictional allegations of the creditor's petition, and demanded a jury trial of such controverted questions. Hearing was had on the petition for a restraining order, during the course of which appellants admitted that they had no right to restrain creditors from proceeding in a bankruptcy action, but they further stated that they desired leave to contest the bankruptcy petition. The court seems to have assumed that they had an absolute right to do so. Thereafter, appellee moved to strike appellants' answer to its petition for a restraining order on

the ground that the receiver appointed by the state court, and two alleged stockholders of the Republic Company were not rightful parties in determining the status of the alleged bankrupt, and that they should, therefore, be denied leave to intervene in the cause for the purpose of determining that status. Although counsel for the Republic Company was present at the various hearings, and was told when the answer of the Company, if any, must be filed, no answer was ever filed by it to the bankruptcy petition.

Four hearings were had prior to the entry on June 21, of the orders complained of. During this period, two other creditors asked and were granted leave to file intervening petitions and join in the petition of appellee for adjudication of the Republic Company in bankruptcy. As to one of these petitions, filed by trustees under the will of Paul P. Llewellyn, no question is raised. Appellants challenge the other, filed by Albers, Receiver of the Central Republic Trust Company, on the ground that it was predicated on a contingent claim rather than a fixed, liquidated claim. The claim arose out of the note for $500,000 set forth by appellee as the basis for the second claim alleged by it in its creditor's petition, held by it as pledgee. Albers' intervening petition recites that he holds the note payable to the Central Bank and by it pledged to appellee, and that there is due on it, under the three-party agreement set forth by appellee, $57,304, that being the amount the Central-Illinois Company was ready, willing and able to pay.

 The first question raised by appellants is whether the stockholders and the equity receiver were proper parties to contest the involuntary proceeding against the corporation, as they state, "on the refusal or disqualification of its officers to interpose a defense." Section 18b of the Chandler Act, 11 U.S.C.A. § 41, sub. b, provides that the bankrupt may appear and plead to an involuntary petition within five days after the return day or within such further time as the court may allow. Prior to its enactment, creditors had also been given an absolute right to contest the petition. Stockholders and state court receivers have never had such absolute right, although it lay within the discretion of the District Court to permit them to intervene upon a proper showing. If that court felt that their participation was unnecessary and would serve no good purpose, it was its duty to deny the intervention.

 It is clear from the record that the court first permitted appellants to participate under the erroneous impression that they were entitled to do so. This error is indicated by the court's statement, during the course of the first hearing, in response to counsel's statement that all he wanted was leave to file an answer, "I don't think anybody can prevent your filing an answer." This was obviously an error, and if the court granted the leave under such error, it was no error to withdraw the leave upon further consideration and determination that its action had not been required by the Statute. Hence, when the answer of the appellants was stricken, and no answer was filed on behalf of the bankrupt, the court was authorized to adjudicate the Company a bankrupt on the uncontested allegations of the petition. Section 18d of the Act provides that if a party entitled to appear and plead shall appear, within the time limited, and controvert the facts alleged in the petition, the court shall determine, as soon as may be, the issues presented by the pleadings, without the intervention of a jury except where a jury trial is given by the Act, and make the adjudication or dismiss the petition. We think it follows that where no party who is entitled to appear and plead does so, the court may determine the issues on the basis of the petition presented without permitting the other parties to intervene. Cf. In re Cook, 7 Cir., 101 F.2d 394.

 While the requirement of three petitioning creditors if the total number of creditors is twelve or more, is jurisdictional, a defect in the petition as to this may be waived. See Remington on Bankruptcy (4th Ed.), Vol. 1, section 212. Such jurisdictional defect does not go to the subject matter, as do those involving residence and domicile requirements and excluding from the operation of the statute certain kinds of corporations. Cf. Denver First National Bank v. Klug, 186 U.S. 202, 22 S.Ct. 899, 46 L.Ed. 1127, and Vallely v. Northern Fire Insurance Co., 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297. We hold, therefore, that under the facts presented by this record, there was no error in the action of the District Court in allowing the motion to strike appellants' answer to the involuntary petition, holding the bankrupt in default for failing to file answer

to the petition, and adjudicating the company a bankrupt by default.

■■ Under the record here before us, there is no duty upon us to determine whether there were in fact ·more than twelve creditors, or whether the third claimant was in fact eligible to join appellee as a petitioning creditor. Nor are we bound to consider appellants' assertion that appellee's petition must fall for the reason that it was based on a judgment which the two stockholder appellants had moved to set aside for fraud after the filing of the involuntary petition predicated upon it. We will say, however, that we see no merit in this argument for the reason that it is clear that at the time the petition was filed the judgment remained in full force and effect. The motion to vacate and for a new trial was not filed until after the third hearing in this case, but appellant contends that the District Court should have taken notice of it from the answer filed on June 12, and stricken for good cause on June 21, that appellants intended for reasons set forth in the answer "to move within the time allowed by law to obtain a vacation of the judgment or 'to file a bill of review or, if necessary, to prosecute an appeal from the judgment and that by reason thereof the foregoing judgment is not yet final." In addition, it might have taken notice of counsel's statement at the second hearing that the judgment was a "phoney" one. We think there was no error in the court's action in refusing to permit appellants to intervene to interject such issues, and that the judgment as it then stood, unappealed from and unvacated, was sufficient to serve as a basis for the involuntary petition.

■■ Appellants complain of the entry of the order restraining them from continuing the state court proceeding for fraud against thirty individuals. It appears that while the alleged bankrupt was named a party defendant in this proceeding, no fraud was charged against it, but instead, it, and thereby its creditors and stockholders were the victims of the alleged fraud of the individuals who mismanaged it and misused its funds. If this be true, the action should inure to the benefit of the bankrupt, and should be prosecuted in its behalf under the jurisdiction of the bankruptcy court for the benefit of all its creditors. To this extent the court was correct in restraining the prosecution of the state court proceeding for the benefit of only the two stockholders who held only a 22/550,000th share in the corporation. It will be the duty of the court to determine whether the cause of action should be prosecuted for the benefit of ·the creditors, and if not, appellants may then petition to have the injunction modified so that they may proceed with it. We find no error in the entry of the restraining order.

■■ Appellants complain of the appointment of a receiver. Counsel for appellee stated at the first hearing that he wanted to have a receiver appointed in order to bring the property of the bankrupt into the custody of the bankruptcy court instead of leaving it in custody of the state court where the receiver there appointed might incur charges and expenses against it. He later filed his petition for such appointment setting up reasons which appear to us to be quite sufficient. The statute, section 2, sub. a(3), 11 U.S.C.A. § 11, sub. a(3), provides that the court may appoint receivers upon the application of parties in interest, provided that it shall be satisfied that such appointment is necessary to preserve the estate or to prevent loss thereto. We cannot say that under the facts here presented the court exceeded its authority .in appointing the receiver.

■■ The last question raised by appellants is as to the taxing of stenographic charges for the various hearings as costs against them. The order taxing such costs was entered July 12. They argue first that the perfection of the appeal from the orders of June 21 removed the cause from the jurisdiction of the District Court so that it had no power to enter the order. Since this appears to us to be merely an administrative order, we are not prepared to say that upon the filing of notice of appeal by appellants, the District Court lost all jurisdiction to enter such an order. However, it is unnecessary for us to consider this phase of the question since in our opinion, the order was erroneous on the facts. It appears that at the first hearing, on appellee's petition for a restraining order against appellants, the right of the latter to participate in the proceedings was taken for granted. The court indicated that it considered that if they wished to file answer they were entitled to do so, and while counsel for appellee did, at that first hearing, state at one time that he thought counsel for the two stockholders had no right to contest the petition, and again, that appellee objected to his

taking part, that he was not a proper counsel, representing only ten shares out of 550,000, nevertheless, he did not at that time call the attention of the court to the fact that the statute provided for contest only by the bankrupt itself. It was not until the day of the third hearing that appellee filed its motion to strike the answer of appellants on the ground that they were not entitled to participate. Had the question been raised at the first hearing, the court could have passed upon it thereby obviating the necessity of further hearings on that subject. It could then have denied leave to intervene and file the answer and proceeded to adjudicate the Company a bankrupt or dismiss the petition of appellee, as the facts warranted. Under these facts we think it was error to charge appellants with the stenographic costs of the hearings. We do not at this time pass upon the question of the court's power to do so under other circumstances.

For the reasons stated in the opinion, the order of June 21 is affirmed, and that of July 12 is reversed.