## In re LARSON.

### LARSON v. LANE.

### No. 9773.

Circuit Court of Appeals, Ninth Circuit.

Dec. 1, 1941.

Writ of Certiorari Denied Mar. 2, 1942.

See 62 S.Ct. 797, 86 L.Ed. ——.

John V. Cooper, of Long Beach, Cal., for appellant.

Raphael Dechter and George T. Goggin, both of Los Angeles, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from an order denying a petition to vacate an order adjudging appellant an involuntary bankrupt.

An involuntary petition was filed against appellant on April 8, 1940, by three corporations claiming to be creditors of appel-

lant. On April 9, 1940, appellant filed her written consent to be adjudged a bankrupt and, on the same day, was so adjudged. The order of adjudication was not appealed from. The time within which such an appeal might have been taken expired on or before May 19, 1940.[1] On June 27, 1940, appellant petitioned the bankruptcy court[2] to vacate the order of adjudication. The court referred the matter to a special master, who, after a hearing reported his findings and recommended that appellant's petition be denied. Appellant excepted to the master's report. The court, after a hearing, entered an order overruling the exceptions and confirming the report, thus, in effect, denying appellant's petition. This appeal followed.

Having become final before appellant's petition was filed, the order of adjudication could be vacated only (1) for lack of jurisdiction or (2) for extrinsic fraud. In re Fox West Coast Theatres, 9 Cir., 88 F.2d 212, 221, 222.

There was no lack of jurisdiction. Appellant was a person subject to be adjudged an involuntary bankrupt.[3] The involuntary petition alleged facts which warranted adjudication. Appellant did not, by plea or answer, controvert the allegations of the involuntary petition.[4] Instead, she consented to be adjudged a bankrupt.

Appellant's petition states that the corporations which signed the involuntary petition were not creditors of appellant, and that appellant did not commit the acts of bankruptcy specified in the involuntary petition. These statements controvert certain allegations of the involuntary petition, but do not, as appellant supposes, show a lack of jurisdiction in the bankruptcy court; for that court's jurisdiction did not depend on the truth or falsity of the controverted allegations. Denver First National Bank v. Klug, 186 U.S. 202, 204, 22 S.Ct. 899, 46 L.Ed. 1127; In re First National Bank, 8 Cir., 152 F. 64, 68-71, 11 Ann.Cas. 355; In re T. E. Hill Co., 7 Cir., 159 F. 73, 76; In re New England Breeders' Club, 1 Cir., 169 F. 586, 588, 589. Hence their truth or falsity need not be determined.

Except as indicated below, there is no showing nor any attempt to show that the order of adjudication was obtained by fraud, extrinsic or otherwise. Appellant's petition states:

"That [appellant] signed or was induced to sign and consent to her adjudication as a bankrupt under the threat that unless the same were signed by her, she would be subjected to prosecution for having issued a security without first having obtained a permit therefor from the Commissioner of Corporations of the State of California[5] and that unless the said consent was signed such proceedings would be immediately instituted and a complaint filed against [appellant], and that [appellant] signed the same under the fear and threat of prosecution therefor and would not have signed or consented thereto had not the same been made, but that she believed that the person making said threat would cause the institution of such a prosecution against her and she was advised and told by the said person that if she would sign and execute said consent to such adjudication such proceedings would not be instituted."

Appellant's petition does not say who made the threat therein mentioned. There is no evidence that anyone made it. There is evidence that on April 1, 1940, Raphael Dechter, attorney for some of appellant's creditors, requested appellant to sign a certain so-called creditors' agreement and stated that, unless she did so, a bankruptcy proceeding and a civil action under the California Corporate Securities Act[6] would be instituted against her; but, as the evidence clearly shows, there was at that time no request for, nor any mention of or reference to, appellant's consent to be adjudged a bankrupt. As regards that consent, there is no evidence that any threat of any kind was ever made.

Order affirmed.

[1] Bankruptcy Act, § 25, subd. a, 11 U. S.C.A. § 48, subd. a.

[2] The District Court of the United States for the Southern District of California.

[3] Bankruptcy Act, § 4, subd. b, 11 U. S.C.A. § 22, subd. b.

[4] Bankruptcy Act, § 18, subdivisions a–e, 11 U.S.C.A. § 41, subdivisions a–e.

[5] California Corporate Securities Act, Deering's General Laws, Act 3814, §§ 3, 16–20.

[6] See footnote 5.